[No. 1425.	December 21, 1911.]
GEORGE A. DAVISSON, Plaintiff, ETTA OWENS, Defendant, v. CITIZENS' NATIONAL BANK, Defendant, Appellant.

SYLLABUS.

1. A decision in a prior appeal is the law of the case and upon a subsequent appeal nothing is before the court for revision but the proceedings subsequent to the mandate.

Appeal from the District Court for Chaves County, before WILLIAM H. POPE, Chief Justice. Affirmed.

WILLIAM C. REID and JAMES M. HERVEY for Appellant.

Duty of holder of escrow. 2 Page on Contracts, sec. 585; Davis v. Clark, 58 Kas. 100; Roberts v. Mullenix, 10 Kas. 22; Grove v. Jennings, 46 Kas. 366; 16 Cyc. 576, 584; 11 A. & E. Enc. 352; Humphrey v. Richmond etc. R. R. Co., 13 S. E. 985; Burlington R. R. Co. v. Palmer, 42 Iowa 222; Bodwell v. Webster, 113 Pick. 411; Hayton

v. Meeks, 14 S. W. 864, Ark.; Equity Gaslight Co. v. McKeige, 34 N. E. 898, N. Y.; Riggs v. Trees, 5 L. R. A. 696, Ind.; Hoyt v. McLagan, 87 Ia. 146.

A court has the power to overrule its decisions which were clearly erroneous. Borden v. N. P. R. R. Co., 154 U. S. 322; Kilbourn v. Thompson, 103 U. S. 168; Thaw v. Ritchie, 4 Mackey 384, D. C.; Hastings v. Foxworthy, • 45 Neb. 676; Robbins v. Chicago City, 4 Wall. 657.

Statute of frauds. 29 A. & E. Enc. 807; Emerson v. Slater, 22 How. 42; Swain v. Seeman, 9 Wall. 254; Kirchner v. Laughlin, 4 N. M. 394; Hasbrouck v. Tappen, 15 Johns. 200; Hersley v. Savanstrom, 41 N. W. 1027; Athe v. Bartholomew, 33 N. W. 110; Abel v. Munson, 18 Mich. 305; Cook v. Bell, 18 Mich. 389; 29 A. & E. Enc. 824; 20 Cyc. 296; Warvelle on Vendors, sec. 419.

Ed. S. Gibbaney and W. A. Dunn for Appellees.

Matters of law determined upon a former appeal become the settled law of the case, are binding upon the court and the litigants, and cannot be reviewed on second appeal. Dye v. Crary, 13 N. M. 439; 3 Am. Dig., col. 2340; 2 Am. Dig. 732.

One wrongfully withholding property may be proceeded against by the owner, even if the latter be a stranger to the arrangement whereby the same was deposited or bailed. Wells v. Am. Exp. Co., 42 Am. Rep. 695. Wis.; Doty v. Hawkins, 25 Am. Dec. 459, N. H.; Clark v. Eureka County Bank, 123 Fed. 922.

### STATEMENT OF FACTS.

This cause of action was before this court upon practically the same record and upon the former hearing the case was reversed with instructions to the lower court to reinstate the cause and proceed in accordance with the views therein expressed. 15 N. M. 680. Upon the second trial of the cause in the court below no new pleadings or amendments to the pleadings were made and no additional evidence was introduced. The court below, in accordance with the mandate of this court, made findings of fact and

conclusions of law and entered judgment for the appellees, from which judgment this appeal is prosecuted.

## OPINION OF THE COURT.

ROBERTS, J.—Upon this second appeal we are limited to a consideration of but one question, viz, did the lower court reach its final decree in due pursuance of the previous opinion and mandate of this court? We find that it did. Appellant has presented, as a new proposition in this case, the point that neither the complaint of Davisson nor the cross-complaint of Mrs. Owens states facts sufficient to constitute a cause of action against the appellant bank, but we are precluded from a consideration of this proposition on this appeal. This question could have been raised upon the former appeal. It is the settled law in New Mexico, as well as in the Supreme Court of the United States, that a decision in a prior appeal is the law of the case and that upon a subsequent appeal nothing is before the court for revision but the proceedings subsequent to the mandate. United States v. Camou, 184 U. S. 572; Barnett v. Barnett, 9 N. M. 205; Crary v. Field, 10 N. M. 257. This doctrine appears also to be supported by practically all of the states of the Union, with the possible exception of Missouri, Indiana and Nebraska. A very instructive note on this proposition is found in the Nebraska case of Hastings v. Foxworthy, 34 L .R. A. 321. The former decision of this case being the law of the case, whether right or wrong, this court is bound to adhere to it so far as this case is concerned, and the cause will, therefore, be affirmed.