231 P.2d 937

**WRIGHT v. SCHULTZ et al.**

**No. 5371.**

Supreme Court of New Mexico.

May 19, 1951.

Rehearing Denied June 16, 1951.

C. Vance Mauney, Albuquerque, for appellants.

W. T. O'Sullivan, Joseph L. Smith, Dale Walker, Albuquerque, for appellee.

Lorenzo A. Chavez, Albuquerque, amicus curiæ.

PER CURIAM.

The opinion heretofore filed is withdrawn and the following substituted.

McGHEE, Justice.

The defendants seek reversal of a judgment awarding the claimant compensation for total and permanent disability in the sum of $25 per week, plus 50% additional compensation because of the failure of the employer to furnish reasonable safety devices in general use in the painting or building construction industry in Albuquerque, New Mexico.

The claimant was a painter in the employ of Schultz, who had the painting work under a subcontract in a combination home and art studio. He had been engaged in sanding the priming coat on the inside of the door to an elevator shaft, and while in a squatting position stepped backward, fell down the shaft from the second to the first floor and was injured.

The injury occurred October 3, 1949, and claim for compensation and 50% penalty was filed on January 17, 1950, while the defendant insurer was paying the regular compensation of $25 per week. An answer was filed on February 9, 1950, admitting the claimant suffered an injury by accident in the course of his employment while working for his employer on the date and at the time mentioned in the complaint, but denying all other allegations of the claim. Defendants also pleaded payment to and including February 6, 1950, and that they had not been in default at any time, that the claimant had been diagnosed as recovered from the injury and would be able to return to work March 1, 1950, that the suit was prematurely and capriciously filed in that all payments had been regularly made and the insurer had defrayed all proper medical and surgical expenses. They denied they had failed to supply reasonable safety devices and were liable for the penalty.

We held in George v. Miller & Smith, Inc., 54 N.M. 210, 219 P.2d 285, that

where an injured workman was being paid the maximum compensation to which he was entitled he could not subject the employer and insurer to suit, so whether this action was prematurely filed depends on a determination as to the liability of defendants for the penalty for the claimed failure to furnish reasonable safety devices in general use in the industry, as our statutes do not provide for specific safety devices in the painting or construction industry.

■ The trial court found the employer failed to furnish a number of safety devices, but the claimant here relies on the failure to barricade the door opening into the shaft or to floor the shaft. It is admitted there was no barricade and the shaft was not floored. The defendants, however, strenuously contend there is no substantial evidence in the record to show these are safety devices in general use in the painting or building industry in Albuquerque and vicinity. It is agreed there are but few buildings in Albuquerque equipped with elevators, but there is substantial evidence in the record showing that on buildings recently constructed in which elevators were installed, such safety devices were used. There is likewise substantial evidence showing that when elevators are painted in the older buildings, the doors are barricaded for the safety of the workmen and the public. The defendants urge that we not consider the barricading of the door to the elevator shafts where it is in part for protection of the public. In this they draw too fine a bead. We cannot follow them.

The defendants also urge that recovery of the penalty be denied the plaintiff for the reason he was guilty of contributory negligence in stepping backwards into the shaft.

Our statute on failure to use or furnish safety devices is Sec. 57–907, 1941 Compilation, the applicable part of which, so far as this case is concerned, reads: "* * * In case an injury to, or death of, a workman results from the failure of the employer to provide the safety devices required by law, or in any industry in which safety devices are not provided by statute, if an injury to, or death of, a workman results from the negligence of the employer in failing to supply reasonable safety devices in general use for the use or protection of the workman, then the compensation otherwise payable under this act * * * shall be increased by fifty per centum (50%). * * *"

■ The defendants also say as the employer had warned claimant of the elevator shaft, he is excused from barricading the door to the shaft or installing the floor, and that in any event his failure did not constitute negligence. As we view the statute, it denounces the failure to furnish such safety devices as negligence, so, as respects the omission or "failure" now considered,

the workman and employer stand on common footing under this safety device statute. If the workman fails to observe a statutory safety regulation or to use a safety device provided by the employer and is injured, his compensation is reduced fifty per centum. If the employer fails to furnish a safety device provided by statute or a reasonable safety device in general use in an industry in which safety devices are not provided by statute, and a workman is injured by reason thereof, then the employer suffers a penalty of fifty per centum.

■ Contributory negligence has no place in our Workmen's Compensation Act, unless it be in failure of the workman to observe a statutory safety regulation or to use a safety device furnished by the employer, in which event a claimant suffers a reduction of 50% in the compensation he would otherwise receive. Jones v. International Minerals & Chemical Corporation, 53 N.M. 127, 202 P.2d 1080.

■ Defendants also claim if safety devices were required it was the duty of the general contractor and not Schultz, a subcontractor, to furnish them. They did not raise this question in the lower court and, therefore, may not present it here for the first time. Heirich v. Howe, 50 N.M. 90, 96, 171 P.2d 312. We will not decide the question.

■ The employer was about thirty feet from the claimant when he fell down the shaft and received the injury. Schultz immediately took him to a general surgeon who put an injured foot in a cast and gave him medicine to relieve the pain. The claimant was suffering from pain in the back and went to other specialists, with the knowledge of the doctor to whom he was taken by Schultz. The trial court held the additional medical attention was necessary. The defendants ask that we reverse the judgment in this regard, even though it be affirmed otherwise, claiming the treatment was unauthorized and unnecessary. We have examined the record and are satisfied there is substantial evidence to support the finding. The point is not well taken.

■ We are of the opinion and hold the trial court did not err in awarding the claimant compensation for total and permanent disability, plus the fifty per cent penalty for failure to furnish a reasonable safety device in general use in the painting or construction industry. Having reached this decision, it follows that the claim was not prematurely filed and plaintiff was entitled to an award of attorneys' fees. It also disposes of the other questions raised by defendants.

The trial court first allowed attorney's fees of $250 and then increased the amount to $750. The claimant has taken a cross appeal claiming the amount allowed was inadequate.

Amicus Curiæ has filed a brief urging that we increase the fee allowed, and also

set a standard, so far as may be done, in these compensation cases. He has attached a transcript of testimony taken before the Hon. Edwin L. Swope, District Judge, in which various attorneys who appear for claimants and insurance carriers testified as to what they believed would be reasonable fees for claimants' attorneys in such cases. In short, those who appear for the claimants feel that considering the contingent nature of their employment, the ability of the lawyers who oppose them, and the rocky road they say a claimant for compensation travels, the fees being allowed were, for the most part, inadequate. Attorneys for the insurance carriers say the recovery of a judgment in the lower court is the easiest task an attorney may hope to have, that he hasn't a chance to lose in the trial court and less here.

Many members of the bar testified, some for higher fees and some for lower, depending on which side of the fence they were at the time.

▮▮ The fixing of attorneys' fees in a compensation case for services in the trial court is a matter particularly within the province of the trial judge and varies from case to case, but we cannot escape the conclusion that the fee allowed in this case is too low, so we will increase it for services in the lower court to $1,500, and allow $750 for services here, making a total of $2,250, which is certainly low enough when we

consider the nature of the case, the work done and results accomplished, and the fact that attorneys for claimant cannot require their client to pay an additional fee. Consideration should be given by the trial judges to the increased cost of living and operating a law office.

We express our thanks to Hon. Lorenzo A. Chavez for the excellent brief he filed as Amicus Curiæ on the question of attorneys' fees in these compensation cases.

▮ The claimant asks us to impose the ten per cent penalty for a frivolous appeal provided for by our Rule 17(3), 1941 Comp. 19–201. We do not agree with the claimant's appraisal of the appeal. Had we done so, we would have substantially reduced the attorneys' fee allowed him in this court.

The judgment will be affirmed, except as to attorneys' fees which will be as above set out in a new judgment to be entered.

It is so ordered.

SADLER and COMPTON, JJ., concur.

COORS, J., did not participate.

LUJAN, Chief Justice.

I concur in the entire opinion except that the amount awarded for attorneys' fees in the lower court is too low. I feel we should allow $3,000 for attorneys' services in the lower court.