538 P.2d 1204

**AMERICAN GENERAL COMPANIES, a Maryland Corporation, Plaintiff-Appellee,**

v.

**Jose Sel JARAMILLO, Defendant-Appellant.**

**No. 1724.**

Court of Appeals of New Mexico.

July 23, 1975.

James A. Branch, Jr., Branch & Branch, Albuquerque, for defendant-appellant.

Steve H. Mazer, Miller & Melton, Ltd., Albuquerque, for plaintiff-appellee.

OPINION

SUTIN, Judge.

Plaintiff recovered judgment against the defendant in the sum of $5,350.80 and defendant appeals. We affirm.

Defendant did not challenge any of the findings of the trial court pursuant to Rule 9(m)(2) of Rules Governing Appeals [§ 21–12–9(m)(2), N.M.S.A.1953 (Int.Supp. 1974)]. "The trial court's findings are conclusive on appeal." *Springer Corporation v. American Leasing Company*, 80 N. M. 609, 610, 459 P.2d 135, 136 (1969).

The trial court found:

1. That Defendant was employed in the fiduciary capacity of salesman and collector by United Wholesale Liquor Company, Inc., in Bernalillo County, New Mexico, during the years 1966 through 1969.

2. That during the course of Defendant's fiduciary employment, Defendant did misappropriate and convert funds in the amount of $5,350.80 belonging to United Wholesale Liquor Company, Inc.

3. That Plaintiff, American General Companies, had entered into an agree-

ment whereby Plaintiff agreed to indemnify United Wholesale Liquor Company, Inc., for any and all losses caused by conversion or misappropriation of funds by an employee of United Wholesale Liquor Company, Inc.

4. That by reason of the conversion and misappropriation of funds of United Wholesale Liquor Company by Defendant while in the fiduciary capacity of salesman and collector during the years 1966 through 1969, Plaintiff became obligated to pay and did pay the sum of Five Thousand Three Hundred Fifty and 80/100 Dollars ($5,350.80) to United Wholesale Liquor Company, Inc.

5. That as a direct and proximate result of said conversion and misappropriation, by Defendant while engaged in the fiduciary capacity Plaintiff was damaged in the sum of Five Thousand Three Hundred Fifty and 80/100 Dollars ($5,350.80).

A. *United Wholesale was not an indispensable party.*

■ Defendant contends that United Wholesale Liquor Co., Inc. was an indispensable party. This is because United Wholesale submitted a claim in excess of $7,000.00 and was reimbursed for some $5,000.00. An indispensable party is one whose interests will necessarily be affected by the judgment so that complete and final justice cannot be done between the parties to the suit without affecting those rights. *C. de Baca v. Baca,* 73 N.M. 387, 388 P.2d 392 (1964).

Plaintiff indemnified and paid United Wholesale in "full settlement and satisfaction of all liability under bond on behalf of Jose Sel Jaramillo", the defendant. United Wholesale, having been paid in full, has no interest which can be affected by the judgment between the parties. Plaintiff is the real party in interest because plaintiff is the owner of the right sought to be enforced. *Sellman v. Haddock,* 62 N.M. 391, 310 P.2d 1045 (1957).

Complete relief can be accorded between the parties in the absence of United Wholesale because United Wholesale has no interest in the litigation.

Defendant relies on *Sellman v. Haddock.* This case is not in point. The parties are reversed. Plaintiff sued defendant for property damage resulting from a motor vehicle collision. Plaintiff's insurance carrier paid the garage for a part of the cost of repair of plaintiff's vehicle and authorized plaintiff to collect from the defendant. The insurer had an interest in the claim against defendant for damages done to plaintiff's car because it was entitled to the money to be recovered.

In the instant case, plaintiff, the insurer, upon payment of the entire claim of United Wholesale was "subrogated to all the insured's rights of recovery therefore against any person . . . ." Since all of United Wholesale's rights of recovery are in plaintiff, United Wholesale has no interest in the outcome of the litigation and is not an indispensable party. *State Farm Mut. Auto. Ins. Co. v. Foundation R. Ins. Co.,* 78 N.M. 359, 431 P.2d 737 (1967).

B. *Sufficiency of the evidence to sustain the court's findings of fact is not an issue.*

■ The defendant did not challenge the trial court's findings. "We need only determine if the trial court's conclusions and the judgment are correct, based upon the facts found." *Springer Corporation, supra.*

The trial court concluded, on the basis of the facts found, that plaintiff was entitled to judgment. We hold that the trial court's conclusion and the judgment are correct.

The sufficiency of the evidence to sustain the court's findings of fact is not an issue on this appeal.

Affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.