582 P.2d 1270

**GENUINE PARTS COMPANY and Sentry Insurance Company, Petitioners,**

v.

**Mary Ann GARCIA, Respondent.**

No. 11883.

Supreme Court of New Mexico.

July 25, 1978.

58

Klecan & Roach, John A. Klecan, Linda G. Kluger, Albuquerque, for petitioners.

Michael Bustamante, Albuquerque, for respondent.

## OPINION

McMANUS, Chief Justice.

This is a workmen's compensation action originally commenced in Bernalillo County by Mary Ann Garcia (plaintiff) against her employer, Genuine Parts Company and its insurer Sentry Insurance Company (defendants). The trial court found that the plaintiff was permanently disabled and awarded plaintiff maximum benefits under the Workmen's Compensation Act, § 59–10–1, *et seq.*, N.M.S.A.1953 (Repl.1974 & Supp. 1975). The court also awarded past and future medical and hospitalization expenses, attorney fees and costs.

Defendants appealed to the Court of Appeals which affirmed the judgment of the trial court. The Court of Appeals awarded $3,000 in attorney fees for services on appeal. The defendants had requested oral argument before the Court of Appeals but such request was denied. *Garcia v. Genuine Parts Co.*, 90 N.M. 124, 560 P.2d 545 (1977) *cert. denied*, 90 N.M. 254, 561 P.2d 1347 (1977).

Thereafter, defendants petitioned this Court for a writ of mandamus directing the Court of Appeals to grant the defendants oral argument and to withdraw the mandate of the Court of Appeals. This Court denied the petition. *State ex rel. Genuine Parts Company v. Court of Appeals of the State of New Mexico*, No. 11,333 (N.M. Mar.

23, 1977). Defendants sought review of the judgment of this Court in the Supreme Court of the United States. The Supreme Court declined to hear the action for want of jurisdiction and denied certiorari. *Genuine Parts Company v. Court of Appeals of New Mexico*, 434 U.S. 806, 98 S.Ct. 36, 54 L.Ed.2d 63 (1977).

Following the decision of the Court of Appeals, a mandate was issued from that court to the District Court of Bernalillo County. Attached to the mandate was the opinion of the court. The mandate stated that "this decision being now final, the cause is remanded to you for any further proceedings consistent with said decision." After the mandate and opinion of the Court of Appeals were filed in the district court, plaintiff filed a motion for entry of a judgment on the mandate of the Court of Appeals. Notice of hearing was served on defendants, and thereafter, on March 24, 1977, a judgment was entered on the mandate. The judgment made four findings: (1) a summary of the initial judgment entered on March 11, 1976; (2) the appeal to the Court of Appeals; (3) the denial of defendants' petition for writ of certiorari to this Court; and (4) the award by the Court of Appeals of attorney fees in the amount of $3,000 for services rendered on the appeal.

Following the findings, the judgment on the mandate read:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Judgment hereinbefore entered on March 11, 1976 should be, and the same hereby is, *withdrawn and the following Judgment is substituted in its place*: (Emphasis added.)

The recitation of the substituted judgment followed. The initial judgment of March 11, 1976 was copied verbatim in the judgment on mandate with the following additions thereto:

> (1) That pursuant to statute, defendants were ordered to pay plaintiff interest on the original lump sum award at the rate of 6% per annum from the date of the original judgment to the date of payment.

(2) That the defendants were ordered to pay plaintiff's attorneys the sum of $6,500.00 for their services rendered in the prosecution of this action. (The trial court had awarded the sum of $3,500 for services at the trial court level and the Court of Appeals awarded $3,000 for services on appeal.)

(3) That defendants were ordered to pay interest on the original $3,500.00 of attorney fees awarded plaintiff at the rate of 6% per annum from the date of the entry of the original judgment to the date of payment.

Defendants filed a second appeal from the judgment on the mandate. The Court of Appeals determined that any review of the trial court's proceedings was limited to the question as to whether the second judgment conformed to its mandate. The Court of Appeals affirmed the trial court's judgment but directed the trial court to award attorney fees to the plaintiff rather than to the plaintiff's attorney. The Court of Appeals held that the trial court properly awarded interest on the original award of attorney fees on the basis that attorney fees are included within the compensation award and are not to be taxed as costs. The court further awarded the amount of $4,500 to plaintiff for attorney fees for the second appeal and the appeal to the United States Supreme Court. Damages were assessed against the defendants in the amount of ten per cent (10%) of the judgment on the finding that the second appeal was frivolous. *Garcia v. Genuine Parts Company*, No. 3000 (N.M.Ct.App. Feb. 14, 1978). Following this decision defendants petitioned this Court for a writ of certiorari which we granted. We affirm in part and reverse in part.

Defendants raise numerous issues on appeal which will be treated separately. Initially, defendants argue that they were entitled to a full review of the original judgment on the second appeal since the judgment on the mandate rendered by the trial court provided that the judgment "entered on March 11, 1976 should be, and the same hereby is withdrawn and the following judgment is substituted in its place." Defendants argue that since the earlier judgment was "withdrawn and substituted" the first judgment entry was entirely abandoned and the trial court could not consider that judgment as effective for any purpose. Appellant analogizes this case to a judgment which is set aside or vacated. The Court of Appeals held that the trial court's jurisdiction upon receipt of the mandate was only to conform to the mandate and that the district court merely modified its original judgment. We agree.

■ Upon review of a second appeal the only issue is whether the trial court followed the appellate mandate. This limited review has been consistently followed by this Court. *Sanchez v. Torres*, 38 N.M. 556, 37 P.2d 805 (1934); *State v. Halsey*, 34 N.M. 223, 279 P. 945 (1929); *State ex rel. Garcia v. Brd. Com'rs.*, 22 N.M. 562, 166 P. 906 (1917); *Davisson v. Bank*, 16 N.M. 689, 120 P. 304 (1911).

■ The district court has only such jurisdiction as the opinion and mandate of the appellate court specifies. *Bank of New Mexico v. Earl Rice Construction Co.*, 79 N.M. 115, 440 P.2d 790 (1968). The only necessary action of the trial court is to comply with the mandate of the appellate court. In this action the original judgment was affirmed and continued to be effective. The judgment on the mandate modified the initial judgment to conform to the mandate. Therefore the Court of Appeals properly refused to review all proceedings before the trial court.

■ The defendants challenge interest awarded from the date of the original judgment. Since the original judgment remained effective and was merely modified on appeal, interest awarded from the date of the original judgment is proper. *Bank of New Mexico, supra.* Plaintiff became entitled to interest as of March 11, 1976, the day the final judgment on disability was determined. It would be inequitable to impose costs associated with the use of money on her rather than on the defendants who had use of the money during the pendency

of these appeals. *Mascuilli v. United States*, 383 F.Supp. 50 (E.D.Pa.1974) *aff'd.*, 519 F.2d 1398 (3d Cir. 1975); *Morris v. Baker Auto Parts*, ·57 Mich.App. 65, 225 N.W.2d 179 (1974); *See generally*, Annot., 4 A.L.R.3d 1221 (1965).

Appellant argues that the time period between the original judgment and the judgment on mandate of one year provides an award for a period of time not litigated.

The basis for this argument is that the March 11, 1976 judgment was withdrawn and the judgment on the mandate provided for permanent disability from the date of the original judgment. We have determined that the trial court did not vacate the judgment but modified the judgment.

The initial and subsequent judgments both provided for payment of the maximum benefits ($65 weekly) under the Workmen's Compensation Act from the date of injury in 1973 for a period not to exceed 500 weeks. The subsequent judgment provided for lump-sum payment from 1973 to the date of entry of judgment on the mandate. The trial court had found total and permanent disability and awarded payments accordingly.

The defendants argue that they have been foreclosed from applying for a diminution of future benefits every six months under § 59–10–25, N.M.S.A.1953 (Repl.1974). The record does not reflect a request for a stay of judgment pending appeal. The original judgment continued to be operative. Under § 59–10–25 a person bound by a judgment awarding compensation may apply for a diminution of benefits. Defendants were bound by this judgment and were not precluded from applying for a reduction of future benefits while an appeal was pending. *Turrieta v. Creamland Quality Chekd Dairies, Inc.*, 77 N.M. 192, 420 P.2d 776 (1966).

The attorney fees awarded by the trial court and the Court of Appeals as a result of the first appeal were awarded directly to plaintiff's counsel in the judgment on the mandate. Defendants argue that the entire judgment is void due to this error. It is true that attorney fees are to be awarded to the plaintiff and not to counsel for the plaintiff.

There is authority that this error will void a judgment when plaintiff's counsel obtains a direct award of attorney fees in a divorce action. *Lloyd v. Lloyd*, 60 N.M. 441, 292 P.2d 121 (1956). However, this Court has held that in a workmen's compensation action an error in awarding attorney fees directly to plaintiff's counsel can be corrected on remand and a corrected judgment entered. *Feldhut v. Latham*, 60 N.M. 87, 287 P.2d 615 (1955); *La Rue v. Johnson*, 47 N.M. 260, 141 P.2d 321 (1943). This error will not operate to void the entire judgment. This was properly corrected on remand.

Defendants challenge the trial court award of interest on the $3,500 in attorney fees awarded plaintiff for the services of her attorneys at the trial court level. The interest runs from the date of the original judgment on March 11, 1976. Defendants challenge not the amount of the interest award but the award of interest itself arguing that the fees are costs not damages.

The applicable statute, § 59–10–23(D), N.M.S.A.1953 (Repl.1974) provides in part:

[T]he compensation to be paid the attorney for the claimant shall be fixed by the court trying the same or the Supreme Court upon appeal in such amount as the court may deem reasonable and proper and when so fixed and allowed by the court shall be paid by the employer *in addition to the compensation allowed* the claimant under the provisions of the Workmen's Compensation Act . . . .. (Emphasis added.)

The Court of Appeals determined that the statute requires attorney fees to be compensation and not taxed as costs. Sections 59–10–23(B), (C) and (E) set forth that attorney fees will be taxed as costs in settlement situations or court proceedings to increase or reduce awards. The Court of Appeals determined that the different language in subsection (D) reflects legislative intent that where an employer pursues

court proceedings the fees shall be compensation and part of the compensation award. We agree. Since the award of attorney fees is included within the compensation award the fees are considered part of the judgment and interest thereon is proper. The running of interest is not tolled by appeal. *Stone v. Jeffres*, 208 So.2d 827 (Fla.1968); *Simon v. New Jersey Asphalt & Paving Co.*, 123 N.J.L. 232, 8 A.2d 256 (1939); *Chanticleer Skyline Room, Inc. v. Greer*, 19 Md.App. 100, 309 A.2d 638 (1973).

We hold that under the circumstances outlined in § 59–10–23(D) attorney fees are part of the judgment proper and not costs. This holding is limited to § 59–10–23(D). To the extent the Court of Appeals has adopted a broader holding we disagree and decline to affirm the broader holding.

The Court of Appeals included in the award of attorney fees an amount for services in the federal appeal based upon the rationale that it is proper to award additional fees for "all other proceedings necessary to sustain, enforce and collect the workmen's compensation benefits allowed claimant." *Garcia v. Genuine Parts Co.*, No. 3000 (Ct.App., N.M. Feb. 14, 1978). The issue on appeal to the Supreme Court of the United States was denial of oral argument without prior notice to counsel. The Court of Appeals stated that the plaintiff's counsel spent a great deal of time in responding to the federal appeals.

Defendants state that the federal appeal was never heard and no action was necessary on the part of plaintiff to sustain the judgment. Plaintiff was not a party in the federal appeal. The action of plaintiff's counsel in federal court is not reflected in the record.

 Recovery of compensation is a prerequisite to allowance of attorney fees. *Chapman v. John St. John Drilling Company*, 73 N.M. 261, 387 P.2d 462 (1963); *Perez v. Frèd Harvey, Inc.*, 54 N.M. 339, 224 P.2d 524 (1950); *Wuenschel v. New Mexico Broadcasting Corp.*, 84 N.M. 109, 500 P.2d 194 (Ct.App.1972). The defendants challenged a procedural rule concerning notice of denial of oral argument. There was no

challenge in the federal court to the compensation award. Whether the United States Supreme Court directed oral argument may or may not have permitted the defendants to present a persuasive agreement resulting in reversal of the award. Nonetheless, the efforts of plaintiff's counsel did not result in compensation for the plaintiff. In this case, the award of attorney fees for the services in the United States Supreme Court is improper. The Court of Appeals did not stipulate what portion of the award of $4,500 is attributable to the appeal to the United States Supreme Court.

The attorney fees awarded in this action amount to the sum of $11,000. The trial court award of $3,500 and the award on the first appeal of $3,000 became the "law of the case" and could only be reviewed prior to the second appeal. Therefore, our review is limited to the $4,500 award. *Davisson, supra.*

We have carefully reviewed the record and recent decisions in cases of this nature in determining a proper award of attorney fees for services rendered on appeal. *See, Am. Tank & Steel Corp. v. Thompson*, 90 N.M. 513, 565 P.2d 1030 (1977); *Avila v. Pleasuretime Soda, Inc.*, 90 N.M. 707, 568 P.2d 233 (Ct.App.1977); *Martinez v. Earth Resources Co.*, 90 N.M. 590, 566 P.2d 838 (Ct.App.1977); *Casaus v. Levi Strauss & Co.*, 90 N.M. 558, 566 P.2d 107 (Ct.App.1977) *cert. denied*, 90 N.M. 636, 567 P.2d 485 (1977); *Clark v. Electronic City*, 90 N.M. 477, 565 P.2d 348 (Ct.App.1977) *cert. denied*, 90 N.M. 636, 567 P.2d 485 (1977); *Moorhead v. Gray Ranch Co.*, 90 N.M. 220, 561 P.2d 493 (Ct.App.1977) *cert. denied*, 90 N.M. 254, 561 P.2d 1347 (1977); *Gallegos v. Duke City Lumber Co., Inc.*, 87 N.M. 404, 534 P.2d 1116 (Ct.App.1975); *Maes v. John C. Cornell, Inc.*, 86 N.M. 393, 524 P.2d 1009 (Ct. App.1974).

 An award of attorney fees is a matter entirely within the discretion of the court. *Ortega v. New Mexico State Highway Department*, 77 N.M. 185, 420 P.2d 771 (1966). However, in light of a review of

recent awards and the record we find that the Court of Appeals abused its discretion not only in awarding fees for the appeal to the United States Supreme Court but in awarding an excessive amount overall. Accordingly, the award is reduced to $1,500 for services rendered on the second appeal to the Court of Appeals.

■ Defendants also challenge the award of damages to plaintiff in the amount of ten per cent (10%) of the judgment for a frivolous appeal. The defendants argue that they were clearly not barred from a second appeal and that errors in the judgment entry were corrected, in particular, the award of fees directly to plaintiff's attorney and the language of the judgment on the. mandate. Whether the appeal can be considered frivolous is a matter within the discretion of the reviewing court.

N.M.R.Civ.App. 20 [§ 21–12–20, N.M.S.A. 1953 (Supp.1975)] permits an appellate court to award damages under § 21–10–24, N.M.S.A.1953 (Repl.1970) if it is "determined that the appeal is frivolous, not in good faith, or merely for purposes of delay." Section 21–10–24 authorizes damages not to exceed ten per cent (10%) of the judgment. The Court of Appeals determined that the appeal was frivolous, that is, "without merit."

■ There is no reported authority where a court has awarded damages of this nature. It is a matter clearly within the discretion of the Court of Appeals. Thus, the question is whether the reviewing court abused its discretion. While we recognize that under § 21–10–24 damages may be assessed where an appeal is found to be frivolous or merely for delay, we also recognize that a court should be reluctant to penalize litigants who take advantage of their right to appeal. Under the circumstances of this case and the generous award of attorney fees, we reverse the award of damages of ten per cent (10%) of the judgment.

■ Defendants further argue that the Court of Appeals exhibited such bias and prejudice in the second opinion that this Court must review all issues in this cause in the manner of a full appeal. We have reviewed the record and find nothing which would warrant such a drastic departure from proper appellate procedure. Accordingly, we decline to review the merits of the original action which were reviewed on the first appeal.

■ Finally, we again affirm our decision in *State ex rel. Garcia v. Genuine Parts Company*, No. 11,333 (N.M. Mar. 23, 1977) in which we declined to issue a writ of mandamus to the Court of Appeals directing oral argument. Defendants have not presented us any authority as to the requirement of notice of denial of oral argument. We are not persuaded to reverse our position in denying the writ of mandamus.

■ The remaining issues raised by the defendants could have been or were raised on the first appeal. Accordingly, these issues will not be considered since the first decision became the "law of the case" and cannot be reviewed by this Court. *Davisson, supra.*

■ Since plaintiff's counsel was not obliged to participate on appeal on certiorari no attorney fees will be awarded on this appeal.

The judgment on the mandate entered March 24, 1977 by the district court is affirmed in all respects. The Court of Appeals' decision is affirmed with the exception of the award of attorney fees which is reduced to $1,500 and the award of damages in the amount of ten per cent (10%) of the judgment.

This cause is remanded to the district court to enter a judgment not inconsistent herewith.

IT IS SO ORDERED.

SOSA, EASLEY, PAYNE and FEDERICI, JJ., concur.