587 P.2d 434

**Mary HERNDON, Petitioner,**

v.

**ALBUQUERQUE PUBLIC SCHOOLS and Commercial Standard Insurance Company, Respondents.**

**No. 12139.**

Supreme Court of New Mexico.

Nov. 28, 1978.

---

Thomas E. Jones, Albuquerque, for petitioner.

Vance A. Mauney, Albuquerque, for respondents.

OPINION

PAYNE, Justice.

Petitioner Mary Herndon seeks certiorari for the purpose of reviewing the decision of the Court of Appeals denying her request for attorney's fees incurred during the appeal of this case.

The trial court awarded petitioner $37,-500 on her workman's compensation claim

and $3,800 in attorney's fees. This award was appealed by her employer, Albuquerque Public Schools. Albuquerque Public Schools filed a brief of some thirty-three pages raising three major points for reversal. Petitioner, through her attorney, responded with an answer brief of thirty-eight pages responding to the points raised by Albuquerque Public Schools and raising two additional points. The Court of Appeals affirmed the trial court on the issues raised by appellant and accepted the arguments of petitioner regarding the proper date of total disability of the petitioner. On appeal the award was increased from $37,500 to approximately $54,000. However, the Court of Appeals allowed no additional attorney's fees. We reverse and hold that the Court of Appeals abused its discretion in failing to award additional attorney's fees.

We recently held that the award of attorney's fees in a workmen's compensation case is discretionary with the court. *Genuine Parts Co. v. Garcia*, 92 N.M. 57, 582 P.2d 1270 (1978); *Ortega v. New Mexico State Highway Department*, 77 N.M. 185, 420 P.2d 771 (1966).

The Workmen's Compensation Law is very specific as to attorney's fees and restricts an attorney to those fees which are permitted by the court. § 59–10–23, N.M. S.A. 1953 (Repl.1974). If attorneys are denied fees for work prosecuted on behalf of an injured workman, there would be a chilling effect upon the ability of an injured party to obtain adequate representation. Through their insurance companies, employers regularly obtain exceptional and well-qualified counsel to defend them in such cases. It is imperative that courts foster and protect the ability of an injured workman to obtain counsel of his choice. We must avoid a policy or a practice which would discourage representation or the taking of appeals where counsel feels that an injured workman has been aggrieved at the trial court level. We must also preserve the right of an injured workman to have representation where the employer has appealed.

The Court of Appeals is therefore reversed as to the refusal to award additional attorney's fees. Counsel for the petitioner is granted additional fees of $2,500 for the appeal to the Court of Appeals, and an award of an additional $500 for prosecuting the petition for writ of certiorari.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA, EASLEY and FEDERICI, JJ., concur.