616 P.2d 436

**Ramon R. CASIAS, Plaintiff–Appellant,**

v.

**The ZIA COMPANY, Employer, and United States Fidelity & Guaranty Company, Insurer, Defendants–Appellees.**

**No. 4557.**

Court of Appeals of New Mexico.

Aug. 5, 1980.

Steven L. Tucker, John Wentworth, Jones, Gallegos, Snead & Wertheim, P. A., Santa Fe, for plaintiff–appellant.

Walter J. Melendres, Montgomery & Andrews, P. A., Santa Fe, for defendants–appellees.

Carlos Martinez, Shaffer, Butt, Thornton & Baehr, Albuquerque, for United States Fire Ins. Co., amicus curiae.

James Edward Casados, Gallagher, Casados & Martin, Albuquerque, for Transamerica Ins. Co. and Great American Ins. Co., amicus curiae.

Robert K. Patten, Asst. City Atty., Albuquerque; amicus curiae.

Leland S. Sedberry, Arthur D. Melendres, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for Mountain States Mut. Cas. Co. and Employers Ins. of Wausau, amicus curiae.

## OPINION

WOOD, Chief Judge.

The two matters to be decided are: (1) what did the Court of Appeals decide in *Casias v. Zia Co.*, 93 N.M. 78, 596 P.2d 521 (Ct.App. 1979), and (2) whether our workmen's compensation statute provides for escalating benefits.

A worker's average weekly wage and the average weekly wage in the state are considered in determining the amount of benefits to be paid to a person entitled to workmen's compensation. Sections 52–1–20 and 52–1–41, N.M.S.A. 1978. There is no issue as to the calculations concerning these two wage factors. An issue at the trial was the point in time when the wage factors were to be calculated–at the time of the accident in October, 1976 or at the time of disability in August, 1977. The trial court held the wage factors were to be calculated "at the time of the commencement of * * disability * * * " This Court affirmed in *Casias v. Zia Co.*, supra, and the Supreme Court denied defendants' petition for a writ of certiorari.

The trial court entered judgment on the mandate issued by this Court. Thereafter, plaintiff moved for modification of the trial court's judgment on the mandate contending that this judgment did not comply with the mandate of the Court of Appeals. The motion was denied; plaintiff appeals.

"The district court has only such jurisdiction as the opinion and mandate of the appellate court specifies." *Genuine Parts Co. v. Garcia*, 92 N.M. 57, 582 P.2d 1270, 1273 (1978). "Jurisdiction" is used in the sense of power to decide the matter. *Board of Education, Penasco Ind. Sch. Dist. v. Rodriguez*, 79 N.M. 570, 446 P.2d 218 (1968). Thus the appellate issue is whether the trial court acted within its power in denying plaintiff's motion.

*The Casias Decision*

There is no claim, in this appeal, that benefits should not be calculated as of the date of disability. The appeal involves plaintiff's claim for escalating benefits; plaintiff asserts the Court of Appeals held there were escalating benefits in *Casias*, supra. Plaintiff is incorrect.

Language concerning escalating benefits appears in the opinion of Judge Walters, who wrote the lead opinion in *Casias*. Judge Walters' opinion was that the amount of compensation benefits, initially determined at the time disability began, could increase during the period of time benefits were payable. Inasmuch as the average weekly wage in the state had increased after plaintiff's disability began, Judge Walters was of the view that plaintiff's benefits should also increase.

Plaintiff's motion alleged, correctly, that the judgment on remand did not provide for the escalating benefits. The judgment on remand provided that the amount of the benefit was the amount calculated as of the date of disability. This judgment does not comply with the opinion of Judge Walters, but that is not the issue. The issue is whether the judgment complied with the mandate and opinion of the Court of Appeals.

Our mandate remanded the cause to the trial court "for any further proceedings consistent with" the decision of the Court of Appeals. The decision in *Casias* affirmed the trial court's decision, which was that benefits were to be calculated when disability began. All judges participating in *Casias* agreed upon this affirmance.

However, neither of the judges participating with Judge Walters joined in Judge Walters' discussion of escalating benefits. Nor did they agree with the view that escalating benefits are payable under our workmen's compensation statute. Judges Hendley and Sutin concurred only in the result reached by Judge Walters; that result went only to affirmance of the trial court's decision that benefits were to be calculated when disability began.

Plaintiff's contention, that the judgment on remand did not comply with the opinion of the Court of Appeals, is factually inaccurate. The Court of Appeals sits in panels of three judges. "Decisions of the court shall be in writing with the grounds stated, and the result shall be concurred in by at least two judges." Section 34–5–11, N.M.S.A. 1978. The only result concurred in by at least two judges was that benefits were to be calculated when disability began; that was the only decision of the Court. Judge Walters' opinion concerning escalating benefits not being concurred in by another judge, her view concerning escalating benefits was not a decision of the Court of Appeals. Compare *Primus v. Clark*, 58 N.M. 588, 273 P.2d 963 (1954). See also *Silva v. City of Albuquerque*, 94 N.M. 332, 610 P.2d 219 (Ct.App. 1980).

The briefs discuss several contentions directed to the applicability of Judge Walters' opinion–advisory opinions, dicta, law of the case, the effect of stipulations in the trial court. Inasmuch as Judge Walters' opinion was not a decision of the Court of Appeals, these contentions need not be answered.

*Escalating Benefits*

Because the Court of Appeals did not decide that our workmen's compensation statute provides for escalating benefits, the failure of the judgment on remand to order escalating benefits was not a departure from the mandate and opinion of the Court of Appeals, and the trial court did not exceed its jurisdiction by entering the judgment on remand. This technically disposes of the appeal; however, the underlying issue involving escalating benefits is answered to avoid further proceedings in this case concerning such benefits, and because that issue is pending in other cases in this Court. See R.Civ.App.Proc. 11.

The following statutory provisions contain references to "accidental injury" and "accidental injury resulting in the disability". These references are to be read in light of *Casias*, supra, which held that benefits were to be calculated on the date disability began.

Section 52–1–41(A), supra, provides that a worker shall receive, for total disability, sixty–six and two–thirds percent of the worker's average weekly wage, with limitations on maximum compensation based on the average weekly wage in the state. Section 52–1–41(B), supra, states that the average weekly wage in the state is to be determined on or before June 30th of each year. Section 52–1–41(C), supra, states:

C. The average weekly wage in the state, determined as provided in Subsection B of this section, shall be applicable for the full period during which compensation is payable, when the date of the occurrence of an accidental injury falls within the calendar year commencing January 1 following the June 30 determination.

■ Applying § 52–1–41(B) and (C), supra, to this case, the average weekly wage in the state determined on or before June 30, 1976, applies in calculating benefits for a disability that began in 1977, and that average weekly wage in the state applies "for the full period during which compensation is payable".

Section 52–1–47(B), N.M.S.A. 1978 states that

compensation benefits for disability * * shall not exceed an amount equal to six hundred multiplied by the maximum weekly compensation payable at the time of the accidental injury resulting in the disability . . . under Section 52–1–41 NMSA 1978, exclusive of increased compensation which may be awarded under Sections 52–1–10 and 52–1–46 NMSA 1978, and exclusive of attorney fees awarded under Section 52–1–54 NMSA 1978[.]

Sections 52–1–10, 52–1–46 and 52–1–54, supra, are not involved. Applying § 52–1–47(B), supra, to this case, the "maximum weekly compensation payable" is the compensation payable at the time the disability began.

Section 52–1–48, N.M.S.A. 1978 states:

The benefits that a workman shall receive during the entire period of disability . . . shall be based on, and limited to, the benefits in effect on the date of the accidental injury resulting in the disability * * *.

Applying § 52–1–48, supra, to this case, plaintiff's benefits "during the entire period of disability" are "limited to * * * the benefits in effect on the date of the" disability.

■ New Mexico's Workmen's Compensation Act "creates rights, remedies and procedures which are exclusive"; "[o]ur law of workmen's compensation in New Mexico is governed by our Workmen's Compensation Act." *Security Insurance Co. of Hartford v. Chapman*, 88 N.M. 292, 540 P.2d 222 (1975). The amount of compensation to be paid for disability, calculated under *Casias*, supra, from the date the disability began, does not change during the period that disability continues; the maximum compensation payable is limited to the benefits payable when the disability began, and continues for the full period of that disability. Section 52–1–41(C), 52–1–47(B) and 52–1–48, supra.

■ Plaintiff waived oral argument by failing to request it on or before filing the brief–in–chief. R.Civ.App.Proc. 18(c). Defendants requested oral argument but withdrew the request. The request for oral argument by amici is denied. R.Civ.App. Proc. 9(q).

The judgment on the mandate is affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.