623 P.2d 991

**Max A. FITCH, Plaintiff-Appellee,**

**v.**

**SAM TANKSLEY TRUCKING COMPANY, INC., Defendant-Appellant.**

**No. 4515.**

Court of Appeals of New Mexico.

Oct. 16, 1980.

478

Kathleen Davison Lebeck, Civerolo, Hansen & Wolf, P.A., Albuquerque, for defendant-appellant.

Terry M. Word and Richard E. Ransom, P.A., Smith, Ransom & Gilstrap, Albuquerque, for plaintiff-appellee.

## OPINION

WALTERS, Judge.

Although defendant has not followed precisely the format of Rule 9(m)(2) R.Civ.App.P., N.M.S.A. 1978, the Brief-in-chief clearly defines the matters appealed. Therefore, we review on the merits the workman's compensation award granting plaintiff escalated permanent partial disability benefits and $13,000 in attorney's fees, and reverse.

Prior to the date scheduled for oral argument, both parties requested summary reversal on the issue of escalated compensation benefits awarded by the trial court. We grant that request, agreeing with the parties that the issue of escalating benefits was resolved adversely to the position taken by claimant at trial below, in *Casis v. Zia Co.*, 94 N.M. 723, 616 P.2d 436 (Ct.App. 1980).

The remaining issue contested by defendant is the amount of the attorney's fee. That question was most recently addressed in *Johnson v. Fryar*, (Ct.App.) No. 4477, decided October 2, 1980 (*Fryar #2*). All

that was said in that case applies equally here.

The parties submitted to us a Supplemental Transcript of Proceedings which shows that a separate hearing was held two months after trial when the judgment was presented for the court's signature. At the hearing, reference was made to the Supreme Court decision in the first *Fryar* appeal (93 N.M. 485, 601 P.2d 718 (1979), *Fryar #1*), and plaintiff's counsel noted for the record that there had been "a hearing on attorney's fees at the end of the trial and I did reflect that in the findings of fact." We interpret the comment to mean that counsel and the trial court recognized the Supreme Court's insistence upon entry of findings and conclusions relevant to the factors which must be considered by the court in determining the amount of attorney's fees in workman's compensation cases. *Fryar #1, supra*, 93 N.M. at 488, 601 P.2d 718.

■ As in *Fryar #2, supra*, the trial court's final findings and conclusions were virtually a verbatim adoption of plaintiff's requested findings and conclusions. There is an indication, however, that some independent judgment was exercised, *Mora v. Martinez*, 80 N.M. 88, 451 P.2d 992 (1969), in that the trial court filed a document entitled "Amended Court's Finding [sic] of Fact and Conclusions of Law" which deleted an alternate finding and alternate conclusion requested by plaintiff regarding the degree of disability. The alternatives had been included in the court's first adoption of the plaintiff's requests. Wholesale adoption of requested findings and conclusions is once again disapproved. *Mora, supra.*

Nevertheless, the only finding and conclusion relating to the issue of attorney's fees are Finding No. 20 and Conclusion No. 7:

20. Counsel for Plaintiff has moved for attorneys fees in this case, and the Court has heard said motion and considered the arguments of both counsel, and has determined that fees in the amount of 15% of the present value of the award made to Plaintiff are reasonable, and notes that

this case involved the depositions of three witnesses taken in Oklahoma City, Oklahoma.

\* \* \* \* \* \*

7. Compensation to which Plaintiff is entitled has been refused and these court proceedings having resulted in the collection of compensation having a present value of approximately $89,313.26, the attorney for Plaintiff is entitled to fees in the amount of 15% for the above award or $13,396.99.

Unfortunately, neither the Transcript of Proceedings nor the Supplemental Transcript contain any record of the motion, the evidence produced, or the arguments made concerning the propriety of the fees awarded. Instead, the finding and conclusion which we have quoted above indicate that the amount of the attorney's fees was reached solely by applying the same percentage figure to the total anticipated benefits as was found improper in *Fryar #2, supra*, and the additional observation that three depositions were taken out of state.

■ Plaintiff was obliged to request a record of the hearing on attorneys' fees, *Fryar #1*, if the award is to be sustained. The finding plaintiff relies on is insufficient, by itself, to satisfy *Fryar #1's*, admonition that there is "need for evidentiary support for fees awarded by a trial court," (93 N.M. at 488, 601 P.2d 718), and *Fryar #2's*, explicit directions regarding the factors to be considered and the type of evidence to be produced to prove adequate consideration of all of those factors. Both *Fryar* decisions clearly establish that it is an abuse of discretion to award attorneys' fees if the record lacks an evidentiary basis to sustain the award. We are bound by the most recent Supreme Court decision on that question. *See Fryar #1.* "Evidentiary support of the fee is essential." *Clymo v. United Nuclear Corp.*, 94 N.M. 214, 608 P.2d 526 (Ct.App.1980).

Correlating the factors with the evidence, as was done in *Fryar #2, supra*, the instant record discloses the following:

1. *Offers of settlement*: The record does not show that any offer was made, and the trial court made no finding on that matter.

■ 2. *Present value of the award*: The court's conclusion of present value appears to be based on the total escalated and anticipated benefits for the entire period of plaintiff's statutory entitlement, without regard of the possibility of diminution or termination provided by § 52–1–56 A, N.M. S.A. 1978. The impropriety of escalated benefits had been discussed; we also believe it improper in considering that factor as it bears on the amount of fees, to establish the present value of the workman's award as including amounts over a figure due or to become due within six months beyond the date the award is granted, in the absence of evidence directed to the benefits continuing beyond the six-month period.

■ 3. *The chilling effect of miserly fees upon a workman's ability to obtain representation*: As *Fryar #2* noted, this is a policy matter rather than an evidentiary issue. We do not read *Fryar #1* to indicate that in the case it cited, *Herndon v. Albuquerque Pub. Schools*, 92 N.M. 287, 587 P.2d 434 (1978), $3,800 awarded as attorney's fees for recovery in the trial court of a compensation award increased from $37,500 to $54,000 on appeal, was miserly; rather, it held that an additional $2,500 should have been granted for the work of claimant's attorney on the successful appeal. We infer from *Herndon* and *Fryar #1* that an attorney's fee of $3,800 for successful prosecution of a workman's compensation case is not "miserly."

4. *Time and effort expended by the attorney*: The only evidence of the attorney's effort appearing in the record is a 1½ page complaint, a request for hearing, notice to take two depositions, seven pages of requested findings and conclusions, and the transcript of a trial commencing at 10:00 a. m. in which one witness was called and two medical depositions (taken by associate Oklahoma counsel and totalling 31 pages of the transcript) were read. There is nothing in the record supporting the finding that three witnesses were deposed. There is little in Finding No. 20 to indicate that attorney's fees were awarded on any basis other than a flat 15% of an incorrect "present value" award.

5. *Extent to which issues were contested*: The trial court found that defendant had failed to pay compensation and reasonable medical expenses. That finding conflicts to some extent with the complaint, the evidence, and another finding that show defendant had paid all medical bills and compensation benefits of $3,650.21 up to June 23, 1978. Nevertheless, the pleadings and the testimony indicate that the only contested issue was the degree of permanent disability suffered by the claimant.

6. *The novelty and complexity of the case*: Item 5 above describes the issue. It was an issue even less complex that those stated in *Fryar #2, supra*, and certainly not novel in the workmen's compensation milieu.

■ 7. *The fees normally charged for similar services*: There was no evidence and no finding concerning this factor. If Finding 20 intimates that a 15% fee award is the normal and customary charge in workmen's compensation cases, *Fryar #2* disabuses that notion. It is an illegal custom and cannot be substituted for evidence on the normal fees charged in the locality for preparing similar pleadings, arranging for co-counsel on depositions, and three-to-four hours of trial time.

8. *Ability, experience, skill and reputation of the attorney*: Neither evidence nor findings address this component part of the fee-setting determination.

9. *The relative success of the workman in the court proceeding*: Unlike *Fryar #2, supra*, the trial court made no finding regarding the workman's success, but we note the award of 80% permanent disability and acknowledge that the record speaks on behalf of the workman's substantial success toward his claim of total disability.

■ 10. *The amount of the fee involved* : This factor does not require a finding, *Fryar #2*, but there must be some correlation between the amount awarded and findings on the other factors. Since there is a dearth of findings on those other factors which should have been considered, there is no reasonable correlation, and the fee allowed stands with little justification.

11. *The rate of inflation or rise in the cost of living*: No evidence was presented nor finding made on this element. It can hardly be argued, however, that whatever the rise in the cost of living over the past several years, increases allowed in fees for trial should completely outstrip increases allowed for successful appeals. Compare $1,500 allowed in *Fryar #1* in 1979 with $1,500 allowed in *Livingston v. Loffland Bros. Co.*, 86 N.M. 375, 524 P.2d 991 (1974) and $1,250 awarded in *Brown v. Safeway Stores, Inc.*, 82 N.M. 424, 483 P.2d 305 (Ct. App.1971), as an indication of the percentage increase approved over an eight-year period for fees on appeal. *Cf. Genuine Parts Co. v. Garcia*, 92 N.M. 57, 582 P.2d 1270 (1978), for a discussion of attorney fees in a case involving five separate appellate proceedings in three separate appellate courts. Then compare the $3,750 attorney fee awarded by the trial court in *Adams v. Loffland Bros. Drilling Co.*, 82 N.M. 72, 475 P.2d 466 (Ct.App.1970), for trial work involving a total disability award where there were more issues contested, more discovery undertaken, and more witnesses called, than occurred in this 80% disability case, with the $13,000 attorney fee allowed by the trial court here.

We believe that the amount of the fee, as reduced, in *Fryar #2, supra*, provides a reasonable yardstick for measuring the attorney fee to be awarded against the factors to be considered; and we specifically note that even though both appellate decisions in *Fryar* indicate that *Fryar* was a relatively uncomplicated case, preparation and trial of this case was even less complex.

■ The award of attorney's fees cannot stand. The record clearly shows that both court and counsel were cognizant of the Supreme Court decision in *Fryar #1* insisting upon "evidentiary support for fees awarded by the trial court [and] findings of fact and conclusions of law on the issue of attorney fees awarded at trial," and some evidence seems to have been received on that issue at the conclusion of the trial. We therefore adopt the procedure of *Fryar #2* and hold the award excessive in the amount of $8,000. The amount remaining is reflective, we believe, of the larger compensation benefits obtained by the workman in this case, but the lesser discovery, shorter record, fewer witnesses, and simpler issue than were present in *Fryar*.

If within ten days from the date of this decision, plaintiff will file a remittitur with the Clerk of this Court in the amount of $8,000 from the attorney fee award of $13,-000, the fee of $5,000 will be affirmed from December 18, 1979, the date when judgment was entered below. If plaintiff does not file the remittitur as proposed, then the portion of the trial court judgment awarding attorney's fees is reversed and remanded for entry of specific findings and conclusions on the factors of *Fryar #1* and *#2* outlined herein concerning the award of attorney fees, and for determination of a fee consistent with the trial court's additional findings and conclusions and with this opinion, but without the receipt or consideration of new evidence on remand.

IT IS SO ORDERED.

WOOD, C. J., concurs.

SUTIN, J. dissenting.

SUTIN, Judge (dissenting).

I dissent.

When intermixed with Rules of Appellate Procedure and judicial pronouncements, an attorney fee to be awarded Fitch is on a merry-go-round.

A. *The trial court's findings are conclusive on appeal.*

In the Statement of Proceedings defendant did not challenge any findings of the trial court. Defendant did not object to the

amount of the trial court's award of an attorney fee until questioned by the court during the time the judgment was presented to the trial court. Rule 9(m)(2) of the Rules of Appellate Procedure for civil cases provides in part:

> ... If any finding is challenged, it *must* be so indicated by a parenthetical note referring to the appropriate numbered point in the argument, e. g. [Emphasis added.]

> \* \* \* \* \* \*

> Statement of the grounds for challenging any finding must be set forth in the argument and not in the statement of the proceedings.

This duty is mandatory. It has long been the rule that "[t]he trial court's findings, not properly attacked, are conclusive on appeal." *Giovannini v. Turrietta*, 76 N.M. 344, 347, 414 P.2d 855 (1966); *Springer Corporation v. American Leasing Company*, 80 N.M. 609, 459 P.2d 135 (1969); *American General Companies v. Jaramillo*, 88 N.M. 182, 538 P.2d 1204 (Ct.App.1975).

This rule may have been modified in *State ex rel. Newsome v. Alarid*, 90 N.M. 790, 793, 568 P.2d 1236 (1977). The court said:

> Where there is such a failure the reviewing court *may* assume the findings are correct and conclusive on appeal. [Emphasis added.]

It now appears that the failure to challenge leaves the remedy within the discretion of the reviewing court. Cited as authority is *Tafoya v. Tafoya*, 84 N.M. 124, 500 P.2d 409 (1972). *Tafoya* said:

> [W]e affirm the modification of the decree because of the total failure of appellant to comply with the requirements of Supreme Court Rule ... (16)(b) [now 9(m)(2)] ... [and other rules].

This language does not indicate a change in the former rule. For uncertainty in which Rule 9(m)(2) is applied, see *Rudisaile v. Hawk Aviation, Inc.*, 92 N.M. 778, 595 P.2d 751, 598 P.2d 641 (Ct.App.1978), Sutin, J., dissenting, *rev'd*, 92 N.M. 578, 592 P.2d 178 (1979).

We are now at the cross-roads of the punishment to be meted out for failure to follow the mandatory duty. Are the findings not attacked conclusive on appeal or are the findings conclusive within the discretion of the reviewing court? The simple answer has often been: "A reviewing court will disregard this rule." Another classic example is found in *Ortiz v. Ortiz & Torres Dri-Wall Company*, 83 N.M. 452, 493 P.2d 418 (Ct.App.1972), Sutin, J., dissenting.

· To avoid any misunderstanding, I favor the rule that leaves the remedy for noncompliance within the discretion of the reviewing court. To deny a party the right to a review on the merits due to an oversight is too harsh. A rule should be adopted that, within the discretion of the reviewing court, a fine may be assessed against the lawyer. See *Trujillo v. Beaty Elec. Co., Inc.*, 91 N.M. 533, 577 P.2d 431 (Ct.App.1978), Sutin, J., specially concurring. This rule may ultimately assist in reducing the repeated violation of appellate rules. To settle the issue at the cross-roads, *Giovannini*, *Springer Corp.* and *American General Companies* should be overruled on the issue of noncompliance.

Until the prior rule is overturned, the trial court's findings in this case are conclusive on appeal.

"We need only determine if the trial court's conclusions and the judgment are correct, based upon the facts found." *Springer Corporation*, 80 N.M. 610, 459 P.2d 135. The finding and conclusion set forth in the majority opinion resolves this matter in favor of plaintiff.

The judgment entered should be affirmed.

B. *In the alternative, this case should be remanded for findings by the court.*

The district court adopted verbatim the findings and conclusions requested by plaintiff. *Mora v. Martinez*, 80 N.M. 88, 451 P.2d 992 (1969) held that findings of fact requested by a party and adopted by the court, free of the exercise of an independent judgment in making its own findings

of fact, should be remanded to the district court with express direction that proper findings and conclusions, together with a judgment thereon be entered for resubmission.

My disagreement with *Mora* is set forth in *Pattison Trust v. Bostian*, 90 N.M. 54, 559 P.2d 842 (Ct.App.1976), Sutin, J., dissenting, *cert. denied*, 90 N.M. 254, 561 P.2d 1347 (1977). *Pattison Trust* went further than *Mora*. It remanded the case with instructions to prepare and enter proper findings of fact and conclusions of law and enter judgment consistent *with the opinion*. We have now arrived at that stage of appellate procedure whereby the reviewing court, not the district court, shall exercise its independent judgment in making findings of fact.

The solution to this problem rests in the adoption of a rule that if an opposing lawyer does not object in the district court to the adopted findings, based upon *Mora*, the error is waived and the findings adopted by the district court shall be the findings in the appeal, not subject to remand.

Under *Mora*, the alternative remedy is to remand this case to the district court to make independent findings.

### C. *The trial court did not abuse its discretion in the attorney fee award.*

For over a quarter century, the amount of an attorney fee to be awarded a workman rested within the discretion of the trial court to be reversed solely on the basis of an abuse of discretion. *Hathaway v. New Mexico State Police*, 57 N.M. 747, 263 P.2d 690 (1953). Authorities on this subject are too numerous to mention. Absent any standard, the Supreme Court has summarily determined the reasonableness of fees at trial and in appeal. See, *Seal v. Blackburn Tank Truck Service*, 64 N.M. 282, 327 P.2d 797 (1958); *Waymire v. Signal Oil Field Service, Inc.*, 77 N.M. 297, 422 P.2d 34 (1966); *Herndon v. Albuquerque Pub. Schools*, 92 N.M. 287, 587 P.2d 434 (1978); *Wright v. Schultz*, 55 N.M. 261, 231 P.2d 937 (1951); *Hamilton v. Doty*, 65 N.M. 270, 335 P.2d 1067 (1958); *Dickerson v. Farmer's Electric Coop., Inc.*, 67 N.M. 23, 350 P.2d 1037 (1960); *Genuine Parts Co. v. Garcia*, 92 N.M. 57, 582 P.2d 1270 (1978); *Ortega v. New Mexico State Highway Department*, 77 N.M. 185, 420 P.2d 771 (1966). *Fryar v. Johnsen*, 93 N.M. 485, 601 P.2d 718 (1979).

An abuse of discretion in an award of attorney fees was a label which led to *Fryar* which adopted standards only for district courts. No standard has been adopted for an award of attorney fees in the appeal. See *Clymo v. United Nuclear Corp.*, 94 N.M. 214, 608 P.2d 526 (Ct.App.1980). Nevertheless, *Marez v. Kerr-McGee Nuclear Corp.*, 93 N.M. 9, 595 P.2d 1204, 597 P.2d 1178 (Ct. App.1978), *cert. den.*, 92 N.M. 532, 591 P.2d 286 (1979) was known to the Supreme Court and not disturbed. The instant case is a replay of *Marez*. We assume defendant's lawyers were aware of *Marez*, decided over 4 months before the answer was filed, and proceeded to trial. In *Marez*, an award of $11,958.52 plus tax, based upon 15% of the total recovery was not held excessive. It did not constitute an abuse of discretion.

Because *Fryar* has become a career case, the majority opinion summarily reduced plaintiff's award of attorney fees from $13,-000.00 to $5,000.00, the amount suggested by defendant in a proposed conclusion of law. To accept defendant's offer without any basis therefor is as arbitrary as holding that an award of $13,000.00 cannot stand. If the award stood erect in *Marez*, it can stand upright in this case. The issue is whether the trial court acted beyond the realm of reason. To reach this height, an award of $13,000.00 must be shocking in this inflationary period. To me, it is not.

The trial court did not abuse its discretion.

### D. *On remand, plaintiff is entitled to present new evidence.*

The majority opinion concludes that on remand, the trial court shall enter specific findings and conclusions, "but without the receipt or consideration of new evidence on remand." "New evidence" means any evidence not presented to the trial court and which is not merely cumulative in relation

**484**

to evidence which was presented at trial. If plaintiff presented no evidence at trial with regard to the value of legal services rendered, then the trial court is ordered to fix an attorney fee based upon insignificant factors. No independent testimony or evidence was presented to form a basis for the amount of an award of attorney fees.

Defendant failed and refused to pay plaintiff any compensation or any reasonable and necessary medical expenses. No sum was ever offered plaintiff either before or after an attorney was employed. In addition to depositions of these doctors, it was necessary to conduct conferences with the doctors and prepare for those depositions. Defendant contested almost every issue that can arise in workmen's compensation cases, including the jurisdiction of the New Mexico Court. Defendant maintained that plaintiff was not in the course and scope of his employment at the time the injury occurred, the amount of compensation to which plaintiff was entitled, the amount of plaintiff's weekly wage, the applicability of the New Mexico Workmen's Compensation Act, a conflict of law question based upon plaintiff having received compensation benefits under the law of Missouri, the nature of plaintiff's injuries and degree of disability, the reasonableness and necessity of expenses for medical treatment and expense statements. Many other factors in *Fryar* need the presentation of "new evidence."

To deny plaintiff the right to present "new evidence" is unreasonable and unfair. When all pertinent evidence is presented, the trial court may not hesitate to award $13,000.00. In this event, we may be confronted with another appeal to determine whether the trial court abused its discretion.

Under the circumstances of this case, the judgment of the court below should be affirmed on appeal.