491 P.2d 539

**Jose E. BLEA, Plaintiff-Appellant,**

v.

**LOWDERMILK BROTHERS, INC., as Employer, Mountain States Mutual Casualty Company, Inc., as Insurer, Defendants-Appellees.**

**No. 726.**

Court of Appeals of New Mexico.

Nov. 19, 1971.

Edward J. Apodaca and Jacob Carian, Albuquerque, for plaintiff-appellant.

Ray Hughes, Deming, for defendants-appellees.

OPINION

COWAN, Judge.

Plaintiff appeals from a judgment denying him recovery and dismissing his claim for workmen's compensation.

We affirm.

On May 26, 1968, while employed as a foreman for defendant Lowdermilk Brothers, Inc., plaintiff received a compensable injury when he slipped and splayed his legs. He was paid compensation for 54 weeks by the defendant insurance company and was treated or examined by an orthopedic surgeon, a neurosurgeon, and two psychiatrists.

After compensation was suspended plaintiff filed suit, alleging total disability. Evidence at the trial was that the plaintiff had fully recovered from physical or organic injury resulting from the accident. He had no disability either from an orthopedic or a neurological standpoint and, in the words of his treating orthopedist when he last saw the plaintiff on March 21, 1969, " . . . there was no medical impairment of function as regards his locomotive system, his back or his neck, which would render him impaired. . . ." He had been cleaning his yard, chopping weeds, mowing the lawn, trimming bushes and trees, repairing and replacing the roof, driving a motor vehicle on trips, and doing other physical labor. He performed all the tasks which he had prior to the injury except gainful employment. There was little, if any, labor required of him in his job as a foreman although he was, at times, called upon to do some physical labor.

His claim at the trial was that he was totally disabled because of lack of motivation and that this "lack of motivation" was an element of traumatic neurosis resulting from the injury. He did not urge or attempt to prove, nor does he now argue, that he is partially disabled to any percentage-extent.

He urges by his first two points that the court erred in making the following findings:

"10. The psychiatric condition (hereafter called traumatic neurosis) which plaintiff suffered might possibly have been caused by the accidental injury of May 26, 1968, but it is not established as a medical probability.

"11. The traumatic neurosis which plaintiff suffered is not severe nor moderate, but is only of a mild degree, and the resultant disability therefrom is only slight, and plaintiff is able to perform the usual tasks in the work he was performing at the time of said accidental injury."

He further argues under a third point that other of the court's findings were generally unsupported by the evidence.

The court's finding number 11, with the conclusions of law based thereon that the defendant was not totally disabled and was not entitled to further compensation benefits, is dispositive of this appeal. It is therefore unnecessary to discuss the other claimed error.

The applicable law is set out in Lopez v. Schultz & Lindsay Construction Company, 79 N.M. 485, 444 P.2d 996 (Ct.App. 1968), where this court stated:

"In viewing the evidence to determine whether or not it substantially supports the findings, it must be viewed, together with all reasonable inferences deducible therefrom, in the light most favorable to support the findings. . . . The credibility of the witnesses and the weight to be given their testimony are to be determined by the trial court and not by the appellate court. . . . The appellate court may not properly substitute its judgment for that of the trial court as to the credibility of any witness or as to the weight to be given his testimony.

. . . It is not for the appellate court to say what testimony should be given credence and what should be disbelieved. . . . Although we are firmly committed to the view that our Workmen's Compensation Act must be liberally construed to effect its purpose, this view of liberal construction applies only to the law and not to the facts. . . . On appeal only that evidence and the reasonable inferences to be drawn therefrom which support the findings will be considered. All evidence unfavorable to the findings will be disregarded. . . ."

Although not uncontradicted, there was evidence that the plaintiff was suffering from a "mild, not a moderate and not a severe traumatic neurosis" and that this was not disabling. There was also evidence that if the plaintiff had been suffering from a severe, or even a moderate, degree of traumatic neurosis he would have been unable to engage in the various activities herein mentioned. As one of the psychiatrists testified when questioned concerning plaintiff's lack of motivation, "I am telling you he is happy with his present lot. I don't think that he is suffering from a severe degree of these symptoms. If he were, he would not be able to engage in all these other activities. It would be impossible."

Plaintiff relies on Ross v. Sayers Well Servicing Company, 76 N.M. 321, 414 P.2d 679 (1966), but that case is distinguishable because there the medical evidence was uncontroverted, and here it is not.

Concluding that the court's finding number 11 is supported by substantial evidence, we affirm the judgment.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.

SUTIN, J., not participating.