494 P.2d 170

**Celia OJINAGA, Plaintiff-Appellant,**

v.

**Agnes DRESSMAN, d/b/a Dressman's Flower Nook, Employer, and Maryland Casualty Company, Insurer, Defendants-Appellees.**

No. 740.

Court of Appeals of New Mexico.

Jan. 28, 1972.

M. J. Rodriguez, Jones, Gallegos, Snead & Wertheim, Santa Fe, for plaintiff-appellant.

Stanley C. Sager, Menig, Sager & Curran, Albuquerque, for defendants-appellees.

## OPINION

COWAN, Judge.

Plaintiff appeals from a judgment dismissing her claim for compensation benefits under the New Mexico Occupational Disease Disablement Law (§§ 59–11–1— 59–11–42, N.M.S.A.1953 [Repl.Vol. 9, pt. 1]).

We affirm.

For a period of years prior to and until September 11, 1967, plaintiff was employed by defendant Dressman at the latter's floral shop and curio store in Santa Fe, New Mexico. During the course of her employment plaintiff performed various duties at the place of business, including but not limited to, the preparing of flowers and their care, flower arranging, waiting on trade, making change, answering the telephone and assisting in cleaning the store. Some of the duties and responsibilities performed by the plaintiff required her to squeeze, grasp, and grip with her right hand, and to turn and rotate her hand, but not all of the duties and responsibilities of her employment required these repetitive motions.

During the course of her employment she contracted tenosynovitis, also known as "tennis elbow", in her right arm. She was furnished medical treatment and paid compensation under the act for total disablement until June 4, 1969, from which date her condition has steadily improved.

■ These were the facts found by the trial court and not challenged by the plaintiff. They thus become the facts in this court. Armijo v. Via Development Corporation, 81 N.M. 262, 466 P.2d 108 (1970).

The following facts found by the trial court were challenged by the plaintiff as being unsupported by substantial evidence:

"9. At no time since June 4, 1970 [1969], has the Plaintiff suffered 'disablement' as defined in Section 59–11–4, NMSA, and elsewhere in the 'New Mexico Occupational Disease Disablement Law' being Article 11 of Chapter 59, NMSA; at no time since said date of June 4, 1970 [1969], has the Plaintiff suffered from a total physical incapacity to perform any work for remuneration in the pursuit in which she was engaged as an employee of the Defendant employer.

"10. Plaintiff at all times material was able to perform some work for remuneration or profit in the pursuit in which she had been engaged in the floral shop and curio store.

"11. Plaintiff has been paid all sums to which she is entitled under the provisions of the Occupational Disease Disablement Act."

Section 59–11–4(a), N.M.S.A.1953 (Repl. Vol. 9, pt. 1), states:

" 'Disablement' means *total physical incapacity* by reason of an occupational disease as defined in this act to perform *any work* for remuneration or profit *in the pursuit* in which he was engaged. * * *" [Emphasis added]

Plaintiff was examined by Dr. Emmett Altman, an orthopedic surgeon, on May 26, 1970, and on November 13, 1970. When called as a witness for the plaintiff at the trial on December 2, 1970, Dr. Altman was asked:

"Do you have an opinion, Dr. Altman, as a result of the synovitis and caused by the synovitis as to whether by reason of that synovitis Mrs. Ojinaga has a physical incapacity to perform any work for pay in her pursuit as a florist or a floral designer?"

His response was:

"This synovitis will not allow her to do this work that she had done before on the basis that she was doing it before, so she has a permanent partial disability with regard to that."

Even though the question was restricted to "pursuit as a florist or a floral designer", the doctor still found less disability than the "total physical incapacity" necessary to constitute "disablement" under § 59–11–4(a), supra. The evidence is substantial that the plaintiff's "pursuit" was not restricted to that of a florist or a floral designer.

The doctor later testified that she could do selling, make change, answer the telephone and write, to a normal extent. The plaintiff also testified that she could do these things. On appeal only that evidence and the reasonable inferences to be drawn therefrom which support the findings will be considered. All evidence unfavorable to the findings will be disregarded. Liberal construction under our Workmen's Compensation Act applies only to the law and not to the facts. Blea v. Lowdermilk Brothers, Inc., 83 N.M. 322, 491 P.2d 539 (Ct.App. 1971). Applying these rules to this occupational disease case, as they should be, we cannot say that the court's findings are unsupported by substantial evidence.

By her second point, plaintiff urges that if she is not totally disabled, she is entitled to recover for partial disability. The court's conclusion No. 5 was:

"A claimant who is not totally physically incapacitated by reason of an occupational disease as defined in the Occupational Disease Disablement Law, to perform any work for remuneration or profit in the pursuit in which he was engaged at the time he contracted an occupational disease, is entitled to no compensation under the said law."

Its conclusion No. 6 was:

"The Plaintiff is partially disabled, but is able to perform some work for remuneration or profit in the pursuit in which she was engaged; there has been no evidence presented as to the percent age [sic] of partial disability."

In view of the latter conclusion, the absence of evidence of wages, earnings or disability percentile, plaintiff's admission at oral argument that there was no proof of a percentage of disability and her failure to refute conclusion No. 6, the court's judgment was not erroneous.

We thus need not decide whether the New Mexico Occupational Disease Law authorizes payment for partial disability or partial physical incapacity [§ 59–11–15(D), N.M.S.A.1953 (Repl.Vol. 9, pt. 1, 1971 Supp.)] or whether conclusion No. 5 is erroneous. Plaintiff's reliance on Holman v. Oriental Refinery, 75 N.M. 52, 400 P.2d 471 (1965), is without avail. There, the Supreme Court held that, although the workman's physical disability was only 30%, he was totally disabled from continuing his "pursuit" as a filling station operator and therefore entitled to compensation. Here,

the trial court found to the contrary. We note also that, in *Holman,* the question of payment for partial disability was not raised or considered as an element of the case on appeal. There being a failure of proof, we do not consider whether cases from other jurisdictions can be applied to the wording of the New Mexico law.

The judgment is affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.