744 P.2d 1264

**Margie TAPIA, surviving spouse of Antonio Jose Tapia, Deceased, Plaintiff–Appellant,**

v.

**SPRINGER TRANSFER COMPANY, Springer Corporation, Springer Building Materials Corporation and Fireman's Fund Insurance Company, Defendants–Appellees.**

**No. 9758.**

Court of Appeals of New Mexico.

June 30, 1987.

Certiorari Quashed Oct. 21, 1987.

Rudolph B. Chavez, Chavez, Montes & Associates, P.C., Albuquerque, for plaintiff-appellant.

Michael T. Watkins, Gallagher & Casados, P.C., Albuquerque, for defendants-appellees.

**OPINION**

GARCIA, Judge.

Plaintiff appeals from a summary judgment on her claim for death benefits under the New Mexico Occupational Disease Dis-

ablement Law. Plaintiff raises two issues on appeal: 1) whether a surviving dependent spouse's claim for death benefits is an independent cause of action and, therefore, not time-barred under NMSA 1978, Section 52–3–42(C) (Cum.Supp.1986) if filed within one year of decedent's death; and 2) whether the affidavit submitted by plaintiff in opposition to the motion for summary judgment established an issue of material fact as to whether her husband's failure to file a claim for disability was occasioned by the conduct of the employer. We affirm.

### FACTS

Plaintiff filed suit against defendants contending that her husband contracted silicosis as a result of working for defendants and died from such occupational disease on November 17, 1984. Plaintiff's complaint for benefits under the New Mexico Occupational Disease Disablement Act, NMSA 1978, Sections 52–3–1 to –59 (Orig.Pamp. and Cum.Supp.1986), was filed on November 7, 1985.

Plaintiff's decedent last worked for defendants in 1968. He was diagnosed as having disabling silicosis as early as October 1969. Decedent's death in 1984 was caused by his silicosis.

Defendants moved for summary judgment on the basis that plaintiff's claim was time-barred by Section 52–3–16 and Section 52–3–10. Section 52–3–10(B)(3) provides, among other things, that a death benefit claim is only compensable if

the death results within two years from the last day upon which the employee actually worked for the employer against whom compensation is claimed, except in those cases where death results during a period of continuous disablement from silicosis or asbestosis for which compensation has been paid or awarded or for which a claim, compensable but for such death, is on file with the director, and in these cases compensation shall be paid if death results within five years from the last day upon which the employee actually worked for the employer against whom compensation is claimed[.]

Plaintiff responded to defendants' motion by claiming the time for filing was tolled under Section 52–3–25 because her husband's failure to file was caused in whole or in part by the conduct of defendants in assuring her husband "that he would be taken care of."

The trial court granted defendants' motion for summary judgment. Plaintiff subsequently filed a motion for reconsideration, attaching an additional affidavit relating to defendants' representations to her husband regarding a promise of compensation benefits. The motion for reconsideration was denied.

### DISCUSSION

■ Preliminarily, defendants argue the plaintiff's appeal was not timely filed. We disagree. The order for summary judgment was rendered in 1986, therefore making the former appellate rules applicable. Under the relevant rule, the time for filing an appeal was extended when certain motions were filed. *See* NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.Rule 202(b) (Repl.Pamp.1983). In our view, the motion to reconsider was the equivalent of a motion "which attacks the validity of a[n] * * * appealable order * * * ", *see id.*, and the rule controls because the matter is procedural. *See Ammerman v. Hubbard Broadcasting, Inc.,* 89 N.M. 307, 551 P.2d 1354 (1976). Here, the trial court entered an order denying plaintiff's motion for reconsideration on January 5, 1987. Plaintiff's notice of appeal was filed on January 14, 1987 and, consequently, was timely.

Defendants further argue that plaintiff's issue of whether a survivor's claim is separate and independent from the decedent's claim is barred for failure to raise such issue in the trial court or in the docketing statement. As a general rule, an issue not listed in the docketing statement will not be considered on appeal. *See State v. Aranda,* 94 N.M. 784, 617 P.2d 173 (Ct.App. 1980). Consequently, we decline to consider this issue except as it may relate collaterally to the resolution of the case as a whole.

■ Summary judgment is proper when there is no genuine issue as to a material fact and the moving party is enti-

tled to judgment as a matter of law. *Matkins v. Zero Refrigerated Lines, Inc.*, 93 N.M. 511, 602 P.2d 195 (Ct.App.1979). Summary judgment may be proper even though disputed issues remain. *Ute Park Summer Homes Assoc. v. Maxwell Land Grant Co.*, 77 N.M. 730, 427 P.2d 249 (1967). Here, plaintiff argues that a genuine issue of fact remains concerning whether her husband's failure to file the claim was due to defendants' representations and conduct. While we agree that this is a factual dispute, we hold that it is not material and that defendants were entitled to summary judgment as a matter of law. Moreover, the affidavit offered in support of plaintiff's argument contains a hearsay upon hearsay statement of her husband's discussions regarding what defendants' employee told him. This attempt to interject a genuine issue of material fact must fail because the double hearsay fails to comply with the admissibility requirements. SCRA 1986, 1–056(E). *See* SCRA 1986, 11–803 and –804; *see also Carter v. Burn Constr. Co.*, 85 N.M. 27, 508 P.2d 1324 (Ct.App.1973).

■ Plaintiff argues that her claim was timely because Section 52–3–42(C) states that a dependent's claim, based upon death resulting from an occupational disease, is timely if filed within one year after the date of death. Defendants counter by pointing to Section 52–3–10(B)(3), which sets forth several conditions precedent for employer liability in the event of death from silicosis. Even if we assume arguendo that plaintiff is correct in her allegation that defendants' actions tolled the time for filing under Section 52–3–25, and, consequently, the case is governed by the five year rather than the two year limitation on recovery, her husband's death still did not result within five years from the last day upon which he worked for defendants. *See* 52–3–10(B)(3). Thus, we find defendants' counterargument irrefutable. We agree with defendants that Section 52–3–10(B)(3) establishes a condition precedent to recovery. It is undisputed that plaintiff's decedent died sixteen years after the date of his last employment with defendants. While plaintiff's decedent may have been eligible for workmen's compensation benefits prior to his death, no death benefits would have been available, regardless of when the claim was filed, since he did not die within five years.

■ We realize the result in this case is harsh; nevertheless, liberal construction under the New Mexico Occupational Disease Disablement Law applies only to the law and not to the facts. *See Ojinaga v. Dressman*, 83 N.M. 508, 494 P.2d 170 (Ct. App.1972). The clear irony is that decedent's ability to survive for sixteen years in spite of his disabling disease is fatal to his widow's claim.

Plaintiff has relied on cases from other jurisdictions to support her contention. *See, e.g., In Matter of Fossum*, 289 Or. 787, 619 P.2d 233 (1980); *Hovey v. General Constr. Co.*, 242 Mich. 84, 218 N.W. 768 (1928). Our statutory provisions, however, do not support the result for which plaintiff contends. Under these circumstances, the trial court must be affirmed. *See Strickland v. Roosevelt County Rural Elec. Coop.*, 103 N.M. 63, 702 P.2d 1008 (Ct.App. 1984).

In light of the foregoing, we do not discuss plaintiff's second issue since the issue of fact concerning defendants' misleading statements is not dispositive of the appeal. No oral argument is necessary, and therefore, the request for oral argument is denied. *See Genuine Parts Co. v. Garcia*, 92 N.M. 57, 582 P.2d 1270 (1978).

The trial court is affirmed.

IT IS SO ORDERED.

MINZNER and FRUMAN, JJ., concur.