801 P.2d 121

**Robert E. REQUARTH, Jr.,
Plaintiff–Appellant,**

**v.**

**Joseph BROPHY and Cheryl Sowder, d/b/a Handcrafted Homes, Timothy Locke and Theresa Locke, Defendants–Appellees.**

**No. 11117.**

Court of Appeals of New Mexico.

Oct. 30, 1990.

Robert D. Jesmer, Donald B. Randles, McDevitt & Randles, Santa Fe, for plaintiff-appellant.

Don E. Lepley, Jane A. Laflin, Butt, Thornton and Baehr, P.C., Albuquerque, for defendants-appellees.

## OPINION

DONNELLY, Judge.

Plaintiff appeals from an order granting summary judgment and dismissing his claim for personal injuries against Timothy and Theresa Locke (Homeowners). Two issues are raised on appeal: (1) whether Homeowners had a duty to provide plaintiff with a safe work place; and, (2) whether the trial court erred in determining that there were no material disputed issues of fact concerning plaintiff's claim that he was injured due to the negligence of Homeowners.

On November 14, 1984, plaintiff was injured while working as a carpenter-framer at a construction site in White Rock. He sustained knee injuries when he stepped on planks that had been placed over several floor joists and had not yet been secured. Plaintiff was employed by Joseph Brophy and Cheryl Sowder, doing business as Handcrafted Homes (Builders). It is undisputed that Builders were independent contractors and that Homeowners had contracted with Builders to construct a residence for them on land owned by Homeowners. Under the terms of the contract, Builders agreed to furnish all materials and labor necessary to erect the home according to plans approved by Homeowners. In order to save money on construction costs, Mr. Locke worked as a laborer for Builders while the house was being constructed.

Homeowners' contract with Builders provided that all work, including that per-

formed by subcontractors, would be supervised by Builders and that Homeowners had no supervisory authority or control over the work being performed or over any workers employed or supervised by Builders. The agreement further specified that Builders would be responsible for hiring all required workers, providing any necessary equipment or tools, and obtaining worker's compensation insurance. Homeowners agreed to furnish a builder's risk policy naming Builders as the insured.

Plaintiff filed a two-part complaint naming both Builders and Homeowners as defendants. Count I sought an award of workers' compensation benefits against Builders; Count II sought an award of damages against Homeowners, alleging, inter alia, that Homeowners negligently failed to "maintain a reasonably safe environment on their premises for plaintiff, a business invitee," and that Homeowners "had a duty to take reasonable measures to protect plaintiff from harm but failed to do so."

Homeowners moved for summary judgment as to Count II, and in support of their motion filed the affidavit of Joseph Brophy, the deposition of Timothy Locke, and a copy of the written contract between Homeowners and Builders. Timothy Locke testified by deposition that pursuant to the contract, Homeowners entrusted complete responsibility over the work and job site to Builders and that Homeowners did not have any control or authority over plaintiff or other employees engaged by Builders. Plaintiff did not file any affidavits in opposition to Homeowners' motion for summary judgment. Following a hearing on the motion, the court granted Homeowners' motion for summary judgment, dismissing Count II of plaintiff's complaint. Plaintiff's claim for workers' compensation benefits under Count I of the complaint is not involved in this appeal.

## I. DUTY TO PROVIDE A SAFE WORK PLACE

Plaintiff contends that the trial court erred in dismissing his claim of negligence against Homeowners, arguing that they failed to provide a safe place for him to work, and that Homeowners were negligent in carrying out their duty to inspect the premises and make known to plaintiff the existence of the loose flooring.

■ New Mexico follows the rule that a landowner or employer has a duty to use reasonable care in providing a safe place to work for his employees or other persons occupying the status of a business invitee. *See Koenig v. Perez,* 104 N.M. 664, 726 P.2d 341 (1986) (ranch owners had duty to provide their employees with a reasonably safe place in which to work); *Padilla v. Winsor,* 67 N.M. 267, 354 P.2d 740 (1960) (employer is obligated to furnish employee with a reasonably safe place to work); *Thompson v. Dale,* 59 N.M. 290, 283 P.2d 623 (1955) (failure on landowners' part to provide worker with a reasonably safe place to work constitutes evidence of primary negligence on part of defendants); *see also Arenivas v. Continental Oil Co.,* 102 N.M. 106, 692 P.2d 31 (Ct.App.1983) (owner of land is required to use reasonable care in providing a safe place in which his employees can work and may have a similar duty with respect to employees of an independent contractor); *Fresquez v. Southwestern Indus. Contractors & Riggers, Inc.,* 89 N.M. 525, 554 P.2d 986 (Ct. App.1976) (employer has a duty to provide employees with a reasonably safe place in which to work).

■ The existence of a duty is a question of law for the courts to decide. *Schear v. Board of County Comm'rs,* 101 N.M. 671, 687 P.2d 728 (1984); *Southern Union Gas Co. v. Briner Rust Proofing Co.,* 65 N.M. 32, 331 P.2d 531 (1958). The issue of whether a landowner has a duty to use reasonable care in providing the employees of an independent contractor with a reasonably safe place in which to work has not been squarely addressed by any prior New Mexico appellate decision; however, several decisions have tangentially examined this issue. *See Tipton v. Texaco, Inc.,* 103 N.M. 689, 712 P.2d 1351 (1985) (employer's duty to provide a safe work place for employees of independent contractors is not absolute); *Mozert v. Noeding,* 76 N.M.

396, 415 P.2d 364 (1966) (possessor of land is liable to invitees for unsafe condition of premises if he knows or by exercise of reasonable care would discover the condition and realize that it involves an unreasonable risk of harm to such invitees and if possessor of land should expect invitees will not discover or realize danger); *Fresquez v. Southwestern Indus. Contractors & Riggers, Inc.* (court assumed, but did not decide, that general contractor has a duty to provide a safe place to work for employee of an independent contractor); *Arenivas v. Continental Oil Co.* (landowner may have duty to use reasonable care to provide a safe place in which to work for employees of independent contractor). In *Tipton* the supreme court discussed the issue of whether a subcontractor can be liable for an injury suffered by an employee of a different subcontractor on the same job and observed that the analysis is the same as to liability whether the case involves a landowner, lessee, general contractor, or employer.

The supreme court in *Mozert* quoted with approval from Restatement (Second) of Torts, Section 343 (1965), observing:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

*Id.* at 400, 415 P.2d at 367.

■ In accord with the rationale of *Tipton* and *Mozert*, we conclude that an owner of property has a duty commensurate with the provisions of Restatement (Second) of Torts, Section 343, to provide a safe work place for employees of a subcontractor working on the premises. *See also Fresquez v. Southwestern Indus. Contractors & Riggers, Inc. See generally* Annotation, *General Contractor's Liability for Injuries To Employees of Other Contractors on the Project,* 20 A.L.R.2d 868 (1951). The landowner's duty to employees of a subcontractor, however, is not absolute. *See Tipton v. Texaco, Inc.* The extent of the landowner's duty may vary according to the degree of control exercised by the owner over the premises, the details of the work being performed, and the extent to which the landowner knows or should expect that an invitee will not discover or realize such danger. *See* Restatement (Second) of Torts § 343; *Tipton v. Texaco, Inc.; Mozert v. Noeding.*

■ In *Fresquez,* this court held that absent a showing that a landowner has control over the premises involved, and the work being performed, an owner is not liable for injuries resulting from the condition of the premises or from the manner in which the work is performed. 89 N.M. at 530, 554 P.2d at 991. Similarly, the court in *Tipton* recognized a limitation of liability on the part of a landowner or occupier of land. 103 N.M. at 694, 712 P.2d at 1356; 20 A.L.R.2d at 901. An owner's general control over the premises is not, in most instances, sufficient to subject the owner to liability if the employee's injury resulted from a hazard created by an independent contractor unknown to the owner. *Fresquez v. Southwestern Indus. Contractors & Riggers, Inc.*

■ In order to hold an owner liable to an employee of an independent contractor for breach of the duty to provide a safe work place, the employee must show that the owner retained at least some specific control over the premises during the performance of the work, or over the instrumentality that proximately caused employee's injury. *See Tipton v. Texaco, Inc.* Plaintiff must also show that his injury was proximately caused by the owner's failure to exercise that control in a reasonable manner, that the owner knew or by the exercise of reasonable care should have discovered the dangerous condition, that such hazard involved an unreasonable risk of harm to plaintiff, and the landowner should have expected that the employee

would not discover or realize the danger, or would fail to protect himself against it. *See Tipton v. Texaco, Inc.; Mozert v. Noeding.* *See generally Lopez v. Maes,* 81 N.M. 693, 472 P.2d 658 (Ct.App.1970) (in order to establish negligence on part of defendant, plaintiff must demonstrate that defendant was negligent and that such negligence was the proximate cause of plaintiff's injury). A landowner's liability, however, is predicated upon a right of control and a breach of a duty to warn invitees of the existence of a dangerous condition.

Plaintiff contends the exception discussed above is not the law in New Mexico, relying upon language contained in *Harmon v. Atlantic Richfield Co.,* 95 N.M. 501, 623 P.2d 1015 (Ct.App.1981). *Harmon* suggests that an employer who engages an independent contractor to perform work on employer's premises has a duty to provide a safe work place for employees of an independent contractor, absent any contractual provisions to the contrary. *Id.* at 504–505, 623 P.2d at 1018–1019. Plaintiff's reliance on the broad language of *Harmon,* absent other recognized exceptions, however, is misplaced. The language cited by plaintiff was not concurred in by a majority of the court. *Id.* (Opinion by Sutin, J., specially concurred in by other judges). *See Casias v. Zia Co.,* 94 N.M. 723, 616 P.2d 436 (Ct.App.1980). Moreover, our supreme court in *Tipton* recognized the existence of certain limitations upon the duty of a landowner. Thus, we conclude that although landowners have a duty to employees of an independent contractor working on landowners' premises, as recognized in Restatement (Second) of Torts, Section 343, landowners' liability is subject to the limitations noted therein.

## II. PROPRIETY OF SUMMARY JUDGMENT

Homeowners submitted an affidavit and relied upon deposition testimony to support their motion for summary judgment and to establish that they had no right of control over the work being performed at the construction site and that they were without control, other than their general right to control as owners, over the premises where the work was being performed. Plaintiff did not file opposing affidavits or point out any evidence that raised a question of fact contesting Homeowners' lack of control over the construction site. Additionally, plaintiff has not indicated the existence of any evidence indicating that Homeowners in any manner caused the accident, that they had any knowledge of the dangerous condition, that they should have expected that plaintiff would not discover or realize the danger, or that they failed to exercise reasonable care to protect other workers against a known or suspected danger.

However, Plaintiff points to the fact, in support of his claim that Homeowners were negligent, that Mr. Locke was working in the same general vicinity as plaintiff when the accident occurred. Plaintiff argues this fact was sufficient to create an inference that Homeowners knew or should have known of the dangerous condition and had a duty to warn plaintiff. Mr. Locke testified by deposition, however, that he had not been working on the boards in question and that he was unaware that they had not been properly secured. Plaintiff did not allege that Mr. Locke knew that the boards in question had not been properly fastened, that Homeowners created the dangerous condition, or that they had any control over the work or workers involved in the project.

An award of summary judgment is proper if an opposing party has failed to demonstrate the existence of a genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. SCRA 1986, 1–056(C); *Koenig v. Perez,* 104 N.M. 664, 726 P.2d 341 (1986). Once a movant has made a prima facie showing that there are no disputed genuine material issues of fact, the burden shifts to the party opposing the motion to show the existence of "at least a reasonable doubt as to whether a genuine issue [of fact] for trial exists." *Id.* at 666, 726 P.2d at 343. *See also Cargill v. Sherrod,* 96 N.M. 431, 631 P.2d 726 (1981). A prima facie showing encompasses "such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question unless

rebutted." *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972). Under the record herein, plaintiff has failed to come forward and indicate the existence of evidence tending to establish that Homeowners had any right of control or evidence that Mr. Locke had knowledge or reasonably should have known of the existence of the loose floorboards, thus, the trial court's award of summary judgment was proper. *See Dow v. Chilili Coop. Ass'n*, 105 N.M. 52, 728 P.2d 462 (1986) (party opposing summary judgment may not rely upon allegations of complaint, but must come forward with evidence indicating existence of a material disputed fact); *Tapia v. Springer Transfer Co.*, 106 N.M. 461, 744 P.2d 1264 (Ct.App. 1987) (summary judgment is proper where there are no genuine issues of disputed material facts and the moving party is entitled to judgment as a matter of law).

The order of the trial court granting summary judgment as to Count II of the complaint is affirmed; the cause is remanded for further proceedings on Count I consistent with this opinion.

IT IS SO ORDERED.

ALARID and APODACA, JJ., concur.