**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 1 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DONACIANO GONZALES;
MINERVA GONZALES,

      Plaintiffs-Appellants,

v.

FURR'S SUPERMARKETS,
a Foreign Corporation,

      Defendant-Appellee.

No. 99-2249
(D.C. No. CIV-97-1145-LH)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

In this diversity action, plaintiffs Donaciano and Minerva Gonzales appeal

a judgment entered upon a jury's finding that Furr's Supermarkets, Inc. was not

liable to them for injuries Donaciano Gonzales ("Gonzales") suffered in a fall

---

* The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

from a Furr's parking lot display sign. [1] Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I

Gonzales, an electrician, was employed by West Texas Lighting, a company that performed monthly maintenance on a display sign on the grounds of a Furr's store. On his inspection of the sign in January 1996, Gonzales informed a Furr's manager that, due to the corrosive effect of pigeon droppings, he would have to replace the ballast and do some rewiring inside the sign. The next month, using a ladder truck, Gonzales entered the interior of the sign through an access cover panel. Inside the sign, he removed his safety harness because he saw nowhere to anchor it. While performing the rewiring, Gonzales fell through the sign to the parking lot approximately twenty feet below. Although his supervisor testified that he had directed Gonzales to walk on the cross bars and not the sheet metal decking of the sign, Gonzales denied receiving that instruction.

The day after Gonzales's accident, Mike Hadfield, a handyman for Furr's, inspected the sign and noticed that an access panel on the bottom of the sign was hanging by one edge, while two access panels on a vertical side were missing. Hadfield reinstalled the hanging panel and replaced the missing panels.

---

[1] Plaintiff Minerva Gonzales alleged a loss of consortium claim.

-2-

Gonzales sued Furr's "for negligence arising from an unsafe condition on [its] premises." (Appellant's App. at 1.) At trial, Gonzales argued that the sign was unsafe because (1) it lacked a proper walkway or (2) the missing side panels allowed pigeons to enter and deposit droppings which corroded the sheet-metal. The verdict form asked the jury "Was the defendant negligent?" (Id. at 35A.) The jury answered "No," and the court entered judgment in favor of Furr's. In his motion for a new trial, Gonzales asserts the jury was improperly instructed on the scope of Furr's' duties as a property owner. The district court denied the motion, and this appeal followed.

## II

"This court reviews jury instructions de novo and reverses only when deficient instructions are prejudicial." Koch v. Koch Indus., Inc., 203 F.3d 1202, 1230 (10th Cir.), cert. denied, 121 S. Ct. 302 (2000). "[W]e consider the instructions in their totality and determine not whether they were faultless in every particular, but whether the jury was misinformed or misled." United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd., 210 F.3d 1207, 1226 (10th Cir.), cert. granted in part by 121 S. Ct. 425 (2000). [2]

---

[2] We reject Furr's assertion that Gonzales failed to object to Jury Instruction Nos. 11 and 13 and therefore waived any claims based on them. The transcript of the jury instruction conference includes an oral objection sufficient to call the alleged errors to the district court's attention. See Greene v. Safeway Stores,

(continued...)

In New Mexico, landowners are "held responsible for unsafe conditions on their premises whether or not they directly created them." Otero v. Jordan Rest. Enter., 922 P.2d 569, 573 (N.M. 1996). An owner "has a duty to visitors of reasonable care to prevent or correct dangerous conditions on the premises." Williams v. Cent. Consol. Sch. Dist., 952 P.2d 978, 982 (N.M. Ct. App. 1997). This duty extends to providing a safe workplace for employees of a subcontractor working on the premises. See Requarth v. Brophy, 801 P.2d 121, 124 (N.M. Ct. App. 1990).

> The landowner's duty to employees of a subcontractor, however, is not absolute. The extent of the landowner's duty may vary according to the degree of control exercised by the owner over the premises, the details of the work being performed, and the extent to which the landowner knows or should expect that an invitee will not discover or realize such danger.

Id. (citations omitted). Gonzales challenges Jury Instruction No. 11, which concerned Furr's' duty to Gonzales. Contrary to Gonzales's assertion, the instruction closely tracks Requarth's holding and is a proper statement of New Mexico law. [3]

---

[2](...continued)
Inc., 210 F.3d 1237, 1244-45 (10th Cir. 2000).

[3]     Jury Instruction No. 11 states:

> A possessor of property owes to an employee of an independent contractor a duty to exercise ordinary care to keep premises safe. This duty applies whether or not a dangerous

(continued...)

-4-

Gonzales also disputes the propriety of Jury Instruction Nos. 13 and 14, arguing that they improperly shielded Furr's from liability for the wrongful acts of independent contractors. Jury Instruction No. 13 defines the term independent contractor and then states that "[o]ne who employs an independent contractor is not liable to others for the wrongful acts or omissions of the contractor [or] for the wrongful acts or omissions of the employees of the independent contractor." (Appellant's App. at 55.) Jury Instruction No. 14 is more specific, stating that if the jury found that Hadfield, the Furr's handyman,

> [W]as the employee at Furr's and was acting within the scope of his employment at the time of the occurrence, then Furr's is liable to plaintiffs for any wrongful act or omission of the employee.

---

[3](...continued)
> condition is obvious. The possessor of property must act as a reasonable person would to maintain the property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury, the seriousness of the injury, and the burden of avoiding the risk.
>
> In determining . . . the extent of this duty, you should consider the degree of control the possessor exercised over the property and the degree of control the possessor exercised over the details of the work being performed by the independent contractor.
>
> In performing this duty, the possessor is charged with knowledge of any condition on the premises of which the possessor would have had knowledge had it made a reasonable inspection of the premises or which was caused by the possessor or its employees.

(Appellant's App. at 53.)

However, if you find that Mike Hadfield was not the employee or that he was not acting within the scope of his employment at the time of the occurrence, then Furr's is not liable to the plaintiffs for such act or omission of Mike Hadfield.

(Id. at 56.)

Arguing the district court erred in submitting these instructions to the jury, Gonzales contends the court should instead have given proposed instruction No. 5, based on Otero v. Jordon Restaurant Enterprises, 895 P.2d 243 (N.M. Ct. App. 1995), aff'd on other grounds, 922 P.2d 569 (N.M. 1996) [4]:

Section 422, in imposing liability on an owner of premises, states that an owner:

who entrusts to an independent contractor construction, repair, or other work on the land, or on a building or other structure upon it, is subject to the same liability as though he had retained the work in his own hands to others on or outside of the land for physical harm caused to them by the unsafe condition of the structure[.]

Otero, 895 P.2d at 245 (quoting Restatement (Second) of Torts (1965), § 422).

---

[4] The instruction stated:

A possessor of land who entrusts to an independent contractor construction, repair, or other work on the land, or a building or other structure upon it, is subject to the same liability as though he had retained the work in his own hands to others of or outside of the land for physical harm caused to them by the unsafe condition of the structure.

(Appellant's App. at 76.)

-6-

In Otero, the court adopted § 422 to resolve a patron's lawsuit against a restaurant owner for injuries sustained when bleachers in the restaurant collapsed. Furr's asserts that the district court properly refused to give Gonzales's proposed instruction because the Otero holding is confined to cases of injury to a third party and does not extend to cases in which an employee of an independent contractor is injured. In support of its limited interpretation of Otero, Furr's cites Stinson v. Berry, 943 P.2d 129, 132-33 (N.M. Ct. App. 1997), which involved claims arising from an independent contractor's hazardous activity. In that context, the court determined that the duties owed by a landowner to "third parties" differed from the duties owed to the persons performing the hazardous work. Id. at 132. A landowner is strictly liable for injuries to a third party caused by the inherently dangerous activities of independent contractors. See id. To the independent contractors and their employees, however, the theory of strict liability does not apply. The court went on to determine that, as a matter of law, a landowner who "does not retain control of the work premises or of the manner in which the work was performed" has no duty to an employee of an independent contractor performing the hazardous work. Id. at 133.

From the fact pattern of Otero and the language of Stinson, Furr's concludes that proposed Instruction No. 5 accurately reflects the law with respect

to injured members of the public, but not with respect to injured employees of independent contractors. Gonzales counters that the <u>Stinson</u> distinction between third parties and workers has no relevance to his lawsuit. He points out that his claim sounds in negligence, not strict liability, and that he has not alleged ultrahazardous activity. Furthermore, he argues, the drafters of the <u>Restatement</u> intended § 422(b) to "appl[y] in favor of <u>any</u> person toward whom the possessor of land is under a duty with respect to the physical condition of the land." <u>Restatement</u>, § 422 cmt. a (emphasis added).

We need not resolve the parties' state law argument. The instructions as given made it clear to the jury that Furr's was liable for any unsafe condition that a reasonable inspection of the sign would have revealed. In determining that Furr's was not negligent, the jury necessarily found that Furr's had acted reasonably in inspecting and maintaining its sign and, therefore, fulfilled its duty to exercise care. If the negligence of Hadfield or another independent contractor had rendered the sign unsafe, the instructions would have allowed a finding against Furr's based on its own lack of diligence. Instructions concerning Furr's' liability for the activities of independent contractors are thus irrelevant to the outcome of this case. [5]

_____

[5] We note, moreover, that a careful review of the record submitted on appeal shows no basis for an argument that Hadfield's actions or omissions were the
(continued...)

-8-

The judgment of the district Court is AFFIRMED.

Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[5](...continued)
cause of Gonzales's injuries.