This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PAUL EDDIE HICKS,**

Plaintiff-Appellant,

**vs.**                                                             **NO. 31,740**

**KOLLAR CONSTRUCTION, INC.,**
**a New Mexico Corporation, and MARK**
**KOLLAR, individually and d/b/a KOLLAR**
**CONSTRUCTION COMPANY, and**
**KOLLAR ENTERPRISES; DARYL R. HARRELL**
**and SUE B. HARRELL, his wife,**

Defendants-Appellees.


**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Theodore C. Baca, District Judge**

Behles Law Firm, P.C.
Eric N. Ortiz
Deborah Moore
Jennie Deden Behles
Albuquerque, NM

for Appellants

Madison, Harbour & Mroz, P.A.
Michael J. Dekleva
Jacqueline Olexy

Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Plaintiff appeals from a district court order granting Defendant Susan B. Harrell's motion for summary judgment. We issued a calendar notice proposing to affirm. Plaintiff has filed a memorandum in opposition. We affirm.

"Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "We review these legal questions de novo." *Id.*

In this case, there is no dispute that Defendant Harrell hired Defendant Kollar Construction to paint her house. [MIO 1] Plaintiff, working for Kollar, was assigned the work and was injured when he fell off a ladder. [MIO 1-2] Plaintiff sued Defendant Harrell under a premises liability theory, and asserted that she (by way of her boyfriend) exercised a sufficient degree of control over the work that a separate duty of care was created. [RP 1] The central claim by Plaintiff related to the imposition of this additional duty by way of a "right to control" analysis. However, even if we assume that Defendant exercised a sufficient degree of control to satisfy

2

this test, "[p]laintiff must also show that his injury was proximately caused by the owner's failure to exercise that control in a reasonable manner, that the owner knew or by the exercise of reasonable care should have discovered the dangerous condition, that such hazard involved an unreasonable risk of harm to plaintiff, and the landowner should have expected that the employee would not discover or realize the danger[.]" *Requarth v. Brophy*, 111 N.M. 51, 54-55, 801 P.2d 121, 124-25 (Ct. App. 1990).

In our calendar notice, we noted that it was undisputed that Defendant Kollar instructed Plaintiff to retrieve a Kollar Construction ladder from the back of his truck for use in the painting work. [RP 62-63] Plaintiff's complaint alleged that he fell because this ladder "was either defective or in a poor state of repair and thereby defective and the ladder simply broke and gave way." [RP 2, ¶ 4.] Plaintiff appears to be trying to impose liability by showing that Defendant exercised control by requiring the use of a brush, necessitating the use of a ladder. However, there is nothing inherently negligent in requesting that a home be painted by brush, and we proposed to hold that Defendant was not required to inspect the soundness of the Kollar tools used to perform that job. Also, contrary to Plaintiff's contentions, there is nothing unusual or inherently dangerous in the type of method employed here that would by itself raise questions of negligence. To the extent that Plaintiff believed that the ground was uneven, or that the height of the ladder was not sufficient, these were

risks that Plaintiff knew about at the time, and therefore these facts did not satisfy the test for liability (lack of disclosure) set forth above.

Accordingly, we affirm the district court.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**RODERICK T. KENNEDY, Judge**