FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

March 17, 2025

Christopher M. Wolpert
Clerk of Court

————————————————————

LARRY DEAN,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 24-2073
(D.C. No. 1:22-CV-00179-MLG-LF)
(D. N.M.)

————————————————————

### ORDER AND JUDGMENT[*]

————————————————————

Before **McHUGH** and **BALDOCK**, Circuit Judges, and **LUCERO**, Senior Circuit Judge.

————————————————————

While working for VERUS Research (VERUS), Larry Dean fell and broke his leg. At the time of his injury, he was working in an anechoic chamber on the Kirtland Air Force Base (Kirtland). The United States Air Force owned and operated the chamber, and VERUS used it to conduct testing as part of its contract with the Air Force Research Laboratory (AFRL).

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Dean sued the United States for negligence under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671. The district court granted the United States's motion for summary judgment, concluding it did not owe Mr. Dean a duty of care. He appeals the grant of summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.

AFRL contracted with VERUS to test the effects of high-powered electromagnetic waves on various objects and technologies. Mr. Dean worked for VERUS on the AFRL project as a Radio Frequency Technician.

The accident occurred in the anechoic chamber at Kirtland. The anechoic chamber is a room where anechoic cones and three-by-three-foot Styrofoam blocks cover the walls and most of the floor. The cones and blocks absorb the high-powered electromagnetic waves emitted during testing. The blocks also serve as a walkway for the researchers working in the chamber.

On November 15, 2019, an engineer working with Mr. Dean in the chamber asked him to help her move a heavy table from the far side of the room closer to an energy source located in its center. As Mr. Dean and the engineer carried the table over a walkway, the engineer stepped on an unstable block, creating a gap between the blocks. Mr. Dean's leg then fell backwards into the gap. While his leg was still wedged between the blocks, the table fell on him, pushing him backwards and breaking his leg.

2

After the Air Force denied his administrative claim, Mr. Dean brought this FTCA action. His complaint alleged the United States was negligent in failing to keep its premises safe for visitors and invitees, failing to make a reasonable inspection of the premises, and failing to warn him of the dangerous condition of the unstable floor block.

The government moved for summary judgment.[1] The district court granted the motion, reasoning that Dean's cause of action was based on the United States's duty as the employer of an independent contractor (VERUS), which in turn allegedly owed a duty to the independent contractor's employee (Mr. Dean). It noted that both New Mexico state courts and this court have declined to impose a duty of care upon an employer for the acts of an independent contractor. The district court recognized, however, that there are two exceptions to this rule of nonliability: "(1) when the employer controls the premises on which the work is being performed, or (2) when the employer retains control over the independent contractor's performance of the work." Aplt. App. at 278-79. The district court determined under the facts of this case that neither exception applied. It therefore concluded that the United States owed no duty of care toward VERUS's employee, Mr. Dean, and was not liable for the harm that befell him.

---

[1] The government also moved to dismiss based on its contention that Mr. Dean had not properly exhausted his administrative remedies. The district court denied the motion, concluding that Mr. Dean had sufficiently exhausted his negligence theory against the United States under the FTCA. That denial is not at issue in this appeal.

II.

We review the district court's summary judgment decision de novo, applying the same legal standard as the district court. *Mengert v. United States*, 120 F.4th 696, 715 (10th Cir. 2024). The court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In conducting our inquiry, we view the facts in the light most favorable to the non-movant and resolve all factual disputes and reasonable inferences in his favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). The movant for summary judgment has the burden of showing that no genuine issue of material fact exists. *Mengert*, 120 F.4th at 715.

The FTCA "offers a limited waiver of sovereign immunity for certain types of tort lawsuits against the United States." *Strawberry Water Users Ass'n v. United States*, 109 F.4th 1287, 1292 (10th Cir. 2024). It "generally requires courts to hold the government liable for tort claims 'in the same manner and to the same extent as a private individual under like circumstances,' which includes applying relevant state law." *Stokes v. United States*, 967 F.3d 1034, 1037-38 (10th Cir. 2020) (quoting 28 U.S.C. § 2674); *see also* 28 U.S.C. § 1346(b)(1) (providing jurisdiction over civil actions or claims against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred").

4

The parties agree New Mexico provides the relevant state law. "[W]e review the district court's determination of state tort law de novo." *Nelson v. United States*, 915 F.3d 1243, 1248 (10th Cir. 2019) (internal quotation marks omitted). We "look to the rulings of the highest state court, and, if no such rulings exist, [we] must endeavor to predict how that high court would rule." *Id.* (internal quotation marks omitted). In addition, this court views "intermediate state court opinions as indicia of the leanings of the state's highest court" and follows them "unless other authority convinces us that the state supreme court would decide otherwise." *Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1543 (10th Cir. 1992) (brackets and internal quotation marks omitted).

III.

A.

For FTCA purposes, a "'Federal agency' . . . does not include any contractor with the United States," such as VERUS. *See* 28 U.S.C. § 2671. This means the United States "can't be liable under the FTCA for the negligence of its independent contractors." *Ohlsen v. United States*, 998 F.3d 1143, 1154 (10th Cir. 2021). The parties agree that although this exception bars a claim founded on the United States's vicarious liability for VERUS's negligence, the United States remains liable for its own negligence. Hence, the United States's liability depends in the first instance on whether the United States owed a duty directly to Mr. Dean under an applicable state law.

5

B.

Mr. Dean contends his claim is founded on the United States's breach of its own duty to him to keep a premises safe and to make a reasonable inspection of the premises. *See, e.g.*, *Ford v. Bd. of Cnty. Comm'rs*, 879 P.2d 766, 771 (N.M. 1994). He argues the United States owed him a uniform duty of ordinary care, which benefits all entrants upon a premises except trespassers, to protect him from conditions that foreseeably posed an unreasonable risk of injury. He contends this duty existed independently of his status as an employee of the government's independent contractor, VERUS.

The government responds that New Mexico law recognizes a limitation on actions involving employees of independent contractors like Mr. Dean. It cites *Adams v. C3 Pipeline Construction Inc.*, 30 F.4th 943 (10th Cir. 2021), in which we stated that New Mexico courts have held that "the employer of an independent contractor generally is not liable for injuries to an employee of the independent contractor." *Id.* at 972 (brackets and internal quotation marks omitted). The *Adams* court also recognized the two exceptions the district court cited in this case. *See id.* Mr. Dean argues this rule does not apply to his premises liability claim because New Mexico courts have clarified that the owner or occupier of a premises owes a duty of ordinary care to "*all persons* other than trespassers, who enter property with the defendant's consent, express or implied," to "act as a reasonable man in maintaining his property in a reasonably safe condition in view of all the

6

circumstances." *Ford,* 879 P.2d at 771 (emphasis added); *see also Rodriguez v. Del Sol Shopping Ctr. Assocs.,* 326 P.3d 465, 468-69 (N.M. 2014).

The question is whether and how New Mexico would apply its independent contractor rule to the premises liability claim in this case. *Adams* provides some guidance on that question. In *Adams*, a plaintiff brought a Title VII suit against her employer and the oil and gas company that had contracted with her employer to provide construction and maintenance services on the company's pipeline. *Adams,* 30 F.4th at 951. She alleged that three of her co-workers had sexually harassed her while they were working on the pipeline project. *See id.* She later sought to amend her complaint to assert a New Mexico state-law premises liability claim, arguing that the pipeline owner (to whom she had reported the harassment, *see id.* at 953) owed her a duty to prevent harmful acts by third parties. *See id.* at 954, 956. The district court denied leave to amend, but we reversed. *Id.* at 971. In the course of discussing the viability of the plaintiff's proposed premises liability claim, we stated New Mexico law on premises liability includes the independent contractor rule. *See id.* at 972 (citing *Valdez v. Cillessen & Son, Inc.*, 734 P.2d 1258, 1262 (N.M. 1987); *Sherman v. Cimarex Energy Co.*, 318 P.3d 729, 731 (N.M. Ct. App. 2013)).

The government argues that *Adams* is dispositive on the continuing viability of the independent contractor rule in New Mexico in the premises liability context, citing our rule that "when a panel of this Court has rendered a decision interpreting state law, that interpretation is binding on . . . subsequent panels of this Court, unless

an intervening decision of the state's highest court has resolved the issue." *Patterson v. PowderMonarch,* LLC, 926 F.3d 633, 637 (10th Cir. 2019) (internal quotation marks omitted). Notably, *Adams* postdates both *Ford* and *Rodriguez*, and so presumably *Adams* considered the New Mexico court's analysis of a landowner's duty described in those cases, including the rule that the owner or occupier of a premises owes a duty of ordinary care to *all persons* other than trespassers. The *Adams* court nevertheless included the independent contractor rule in its description of New Mexico premises-liability law.

Mr. Dean does not discuss or attempt to distinguish *Adams*.[2] Instead, he urges us to follow a New Mexico Court of Appeals decision, *Lopez v. Devon Energy Production Co.*, 468 P.3d 887 (N.M. App. 2020).[3] In *Lopez*, an employee of a contractor that was performing work at a wellsite for an energy production company was electrocuted when a truck he was following struck a power line. *Id.* at 889-90. The decedent's estate sued the energy company, and a jury returned a verdict in the company's favor. *See id.* The court of appeals addressed whether the jury had been properly instructed concerning the production company's duty under the Estate's

---

[2] After the government cited *Adams* in its response brief, Mr. Dean filed a notice in which he declined the option of filing a reply brief, stating he would stand on the arguments made in his opening brief.

[3] The United States argues Mr. Dean abandoned and therefore waived his argument that *Lopez* applies to his claim. It cites Mr. Dean's counsel's ambiguous statements about the governing law at the summary judgment hearing. *See* Aplee Br. at 20-23. Because we conclude *Lopez* does not govern our inquiry, we need not resolve the government's waiver argument.

direct liability theories of negligence. *Id.* at 891. The court of appeals held that under the approach in the Restatement (Third) of Torts §§ 7(a) and 51 (Am. Law Inst. 2012), premises liability should not have been treated as an exception to a no-liability rule. *Lopez*, 468 P.3d at 895. Instead, "the Estate was asserting a direct premises liability claim," *id.*, which under "New Mexico's adoption of the duty framework of the Restatement (Third) of Torts . . . [eschews an approach based on categorical exceptions to liability] in favor of broad negligence principles that define the duty of care in terms of the risks posed by an actor's conduct," *id.* at 893. Under this "broader, more generally applicable concept of duty," *id.* at 894, "if the land posed a danger to visitors, Defendant owed a duty of care," *id.* at 896.

The *Lopez* court left open the possibility that this duty of care may have been "modified or limited based on [the energy company's] status as a hirer of independent contractors," but stated the court "was required to make that determination based on policy considerations." *Id.* It opined that on remand it saw no reason why New Mexico Jury Instruction 13-1309 "would not adequately instruct the jury on the issue of premises liability in this case." *Id.* That instruction states: "An [owner] [occupant] owes a visitor the duty to use ordinary care to keep the premises safe for use by the visitor [, whether or not a dangerous condition is obvious]." N.M. R. Ann., Civ. UJI 13-1309.

We decline to apply *Lopez* here, for several reasons. First, it predates *Adams* and therefore is not an intervening decision. Second, it is an intermediate appellate court decision that fails to persuade us that New Mexico's highest court would refuse

9

to apply the independent contractor rule. Third, the precatory language in *Lopez* about the law that appeared to be appropriate on remand in that case does not provide us with a basis to depart from *Adams*. Finally, *Lopez* is factually distinguished from this case because unlike the power line in *Lopez*, Mr. Dean's injury resulted from the instability of the anechoic foam blocks under VERUS's control.

Of course, the facts in *Adams* were different than those here. The tortious acts in *Adams* were allegedly committed by the independent contractor's co-employees, whereas this case involves a physical condition on the premises. More importantly, the statements about the independent contractor rule in *Adams* were made in passing, and the ultimate issue in that case was whether to allow amendment to the plaintiff's complaint, not whether summary judgment was appropriate on a premises liability claim under a specific set of facts.

Nevertheless, Mr. Dean has not shown that the New Mexico Supreme Court would abandon reliance on the independent contractor rule if faced with the facts of this case. To be sure, since the adoption of duty framework in the Restatement (Third) of Torts § 7 (2012), that court has changed the way it analyzes a defendant's duty of care. The Restatement test requires a court to articulate policy considerations "unrelated to foreseeability considerations" to limit or eliminate an otherwise generally applicable duty. *Rodriguez*, 326 P.3d at 467. It states:

> (a) An actor ordinarily has a duty to exercise reasonable care when the actor's conduct creates a risk of physical harm.

10

> (b) In exceptional cases, when an articulated countervailing principle or policy warrants denying or limiting liability in a particular class of cases, a court may decide that the defendant has no duty or that the ordinary duty of reasonable care requires modification.

Restatement (Third) of Torts § 7.

As examples of "policy reasons" for a departure from the general duty of ordinary care owed by owners of premises, the *Rodriguez* court cited the "baseball rule" (modifying the duty of ordinary care owed by owners/occupiers of commercial baseball stadiums), and the "firefighter's rule" (prohibiting firefighters from recovering for injuries sustained while fighting a fire). 326 P.3d at 469. So far as we can tell, the New Mexico Supreme Court has not determined whether the independent contractor rule provides an "articulated countervailing principle or policy" that warrants a decision "that the defendant has no duty or that the ordinary duty of reasonable care requires modification" in premises liability cases. *Id.* But given that court's longstanding adherence to the independent contractor rule, which finds support in rationales that an independent contractor is responsible for the performance of the contracted work and (as in this case) responsible through worker's compensation law to its injured employees, we discern no reason to conclude that the district court erred in applying the independent contractor rule in this case.

## IV.

Having concluded the independent contractor rule, with its exceptions, limits the government's duty in this case, we now examine Mr. Dean's argument that the

11

district court incorrectly granted summary judgment based on that law.  Mr. Dean

does not challenge the district court's finding that there was no evidence that AFRL

controlled VERUS's manner of work under the contract.  But he argues there is a

genuine dispute of material fact concerning whether the United States had control

over the subject premises.  Our inquiry therefore centers on whether the government

"control[led] the premises on which the work [was] being performed."  *Adams*,

30 F.4th at 972 (internal quotation marks omitted).

The New Mexico courts have discussed the nature of the control required to

trigger a defendant's duty to the employee of an independent contractor.  The

defendant must retain "some specific control over the premises during the

performance of the work, or over the instrumentality that proximately caused the

employee's injury."  *Requarth v. Brophy*, 801 P.2d 121, 124 (N.M. 1990).  "An

owner's general control over the premises is not, in most instances, sufficient to

subject the owner to liability if the employee's injury resulted from a hazard created

by an independent contractor unknown to the owner."  *Id.*

The government provided evidence that, during testing, VERUS was in charge

of placement, movement, and location of the blocks; Aplt. App. at 32; that the

government did not set up the chamber or move the blocks, *id.*; that a VERUS

employee determined the layout of the chamber, *id.* at 33; and that it was VERUS

employees that took charge of moving the blocks around after the accident, *id.* at 35.

Mr. Dean did not contest these facts for purposes of summary judgment.  The district

court found it undisputed that VERUS employees controlled the orientation and

12

movement of the equipment, cones, and blocks that Mr. Dean walked on when he was injured; that there was no evidence AFRL regulated the day-to-day and hour-to-hour operations of the chambers when VERUS was conducting its testing; and that individuals other than VERUS employees or those assisting with testing were not permitted to enter the chamber or to interfere with VERUS's work in the chamber. Nor did AFRL exert specific control over VERUS's manner of work or research. In sum, Mr. Dean did not show the government maintained control over the premises during the performance of the work or controlled the instrumentality that caused his injury.

In contesting the district court's conclusion that the United States did not control the premises, Mr. Dean points to language in the contract between VERUS and the government stating VERUS "will require use of base support on a rent-free, non-interference basis *to include Government-controlled working space*." Aplt. App. at 135 (emphasis added). He argues the term "Government-controlled" is ambiguous and its meaning is a question of fact that requires a fact-finder to consider "extrinsic evidence of the language and conduct of the parties and the circumstances surrounding the agreement, as well as oral evidence of the parties' intent." Aplt. Opening Br. at 20. But even if the language is ambiguous, uncontested extrinsic evidence in the record demonstrates VERUS in fact controlled the anechoic chamber and the layout of its blocks during testing. Mr. Dean has failed to demonstrate a genuine issue of material fact concerning the contractual language.

Mr. Dean also cites a number of instances of what he refers to as "contradictory testimony" from the government's witness concerning the contract terms that, he claims, "raises credibility issues and creates a material question of fact as to control." Aplt. Opening Br. at 18. But the alleged contradictions cited in his brief do not demonstrate that a genuine issue of material fact exists concerning the control issue. In addition, a party who bears the burden of persuasion at trial, as Mr. Dean does on this issue, "must do more than merely assert that the jury might disbelieve the testimony of [a witness]." *Helget v. City of Hays*, 844 F.3d 1216, 1243 n.3 (10th Cir. 2017). He "must present [his] own affirmative evidence of those facts which are [allegedly] contradicted by" the witness's testimony. *Id.* Mr. Dean fails to point us to such evidence here.

## CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Carlos F. Lucero
Senior Circuit Judge

14